394 A.2d 597

**In re Petition of Henry ALEXANDER for Change of Name to 'Abu Suleiman Abdul-Haqq Asadi.**

**Appeal of Henry ALEXANDER.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1978.

Decided Nov. 22, 1978.

Dana M. Breslin, Chester, for appellant.

Donald M. Johnson, Thorndale, for appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that when the lower court denied his petition for a change of name it abused its discretion and violated his right of free exercise of religion. Because we find the record barren of any evidence to support the lower court's denial, we reverse the lower court's order dismissing appellant's petition and remand with directions to hold a hearing to permit the Commonwealth to produce material evidence to support its position.

The facts relevant to this appeal are as follows. On June 6, 1977, appellant filed a petition for a change of name in which he alleged that he wished "to have his name changed from Henry Alexander to: Abu Suleiman Abdul-Haqq Asadi for religious reasons." On July 11, 1977, the lower court held a hearing on appellant's petition. Appellant testified that he had resided in the same place for approximately

seven years but had been incarcerated in a state prison from February 1974 until October 1976. He testified that he wished to change his name "[f]or religious reasons. I would like to reflect the change in my life and religion [Islam] and so forth." He further testified that he was not attempting, through this name change, to avoid any lawful authorities. On cross-examination, appellant testified that he had always used his legal name, that he had arranged with the Probation Department to pay off certain costs and fines, and that he was actively seeking employment and intended to pay all fines and costs. No other witnesses testified at the hearing. The Commonwealth then made the following objection:

"Our position . . . would be that the change of name would have effect upon law enforcement documents and records in the Commonwealth of Pennsylvania, and also nationally, and . . . we would ask the Court to use its discretion . . . and deny this petition as it appears, implicit with this man's contact with the law with the criminal charges [that] [i]t would be . . . or could be . . . harmful to the public." The Commonwealth presented no testimony or documentary evidence to support its objection.

On July 12, 1977, the lower court dismissed appellant's petition, stating that "in view of the very recent extensive criminal background of [appellant], . . . the Change of Name would have a detrimental effect on law enforcement records in the Commonwealth of Pennsylvania and [n]ationally." This appeal followed. We reverse and remand.

Section 3 of the Act of April 18, 1923, P.L. 75, § 3; 54 P.S. § 3, sets forth the conditions under which the lower court may grant a petition for a change of name:

"At the hearing of said petition, any person having lawful objection to the change of name may appear and be heard. If the court be satisfied after said hearing that there is no lawful objection to the granting of the prayer of said petition, a decree may be entered by said court changing the name as prayed for: . . . ."

374

In construing this statute, our Supreme Court in *Petition of Falucci*, 355 Pa. 588, 591, 50 A.2d 200, 202 (1947) stated:

"In this Commonwealth an individual cannot change his name without permission of the appropriate court acting upon a petition complying with the statutory requirements. In granting or refusing the petition after due hearing and notice the court has wide discretion. If there is 'lawful objection' to the granting of the petition it will be denied. If there is no such lawful objection the petition *may* be granted. Under certain circumstances a court even in the absence of lawful objection should deny such a petition. For example, if some medical practitioner petitioned for leave to change his name to that of an eminent and successful medical practitioner in the former's vicinity the court would properly deny the petition on the ground that a fraud on the public was intended. The same would be true if some member of the legal profession or some actor or a practitioner of some other profession would seek judicial authority to assume the name of another person who had gained renown in the petitioner's profession. When a petitioner for a change of name is a competitor of a highly successful person whose name he wishes to assume there is reasonable ground for suspicion that his motive in seeking a change of name is an unworthy one, and a due regard for both the public interest and for the person whose name is coveted would constrain a court to deny his petition. A court would also properly refuse a request for a change in name if petitioner asked for the privilege of assuming a name that was bizarre or unduly lengthy or which would be difficult to pronounce or would have a ridiculous or offensive connotation. Whenever a court has discretion in any matter (as it has in the matter of a change of name) it will exercise that discretion in such a way as to comport with good sense, common decency and fairness to all concerned and to the public." Clearly *Falucci* requires the lower court to have some factual basis to support its decision concerning a name change. In the instant case, the lower court based its denial of

appellant's petition upon the bald assertion by the Commonwealth that a change of name by appellant, an ex-convict, would be detrimental to law enforcement records and might, therefore, be harmful to the public.[1]   The record is devoid of any evidence to support this claim of detriment.[2]   Accordingly, we reverse and remand with directions to hold a hearing for the presentation of any evidence the Commonwealth may have which would establish its claim of a detrimental effect upon law enforcement records and harm to the public.[3]

The order of the lower court is reversed, and the case is remanded for an evidentiary hearing on the allegedly detri-

1. We note specifically that the lower court did not find fault with either appellant's choice of name or his reasons in seeking a change of name. *Petition of Falucci*, 355 Pa. 588, 591, 50 A.2d 200, 202–03 (1947).   The sole ground for the court's denial of appellant's petition is the Commonwealth's unproved assertion of detriment to law enforcement records and resultant harm to the public.

2. A review of our case law on name changes reveals no published opinion in the Commonwealth with facts similar to the case at bar. However, the Court of Appeals of Colorado in *Application of Knight*, 36 Colo.App. 187, 537 P.2d 1085 (1975), applying a statute similar to our own, held that the lower court erred in dismissing Knight's petition for a name change solely because Knight had a lengthy criminal record, was incarcerated, and an F.B.I. "rap" sheet listed him under his current name, when there was no evidence before the court as to how the name change would be prejudicial to prison or police authorities.   Knight sought to change his name " 'to acknowledge the heritage of [his] past, and to fortify [his] acceptance of [his] religious beliefs as required by [his] faith.' "   *Id.* at 188, 537 P.2d at 1086.   The Court of Appeals reversed and remanded the case with directions either to grant Knight's petition forthwith or to hold an evidentiary hearing on the state's contentions.   We approve of the disposition of this case.

3. By our decision today, we do not reach appellant's contention that the denial of his petition violated his right of freedom of religion.   We note that nothing in the record indicates that his name change is essential to the practice of his religion.   *See Application of Wing*, 4 Misc.2d 840, 157 N.Y.S.2d 333 (1956) where the court granted petitioner a change of name although she had not alleged that the change was essential to the practice of her religion, Islam.   Certainly a religion-inspired desire to change one's name is not an "unworthy" motive or "trivial or capricious or vainglorious".   *Petition of Falucci, supra*, 355 Pa. at 593, 50 A.2d at 202–3.   For the general analysis of adults' name changes, *see* "Circumstances Justifying Grant or Denial of Petition to Change Adult's Name," 79 A.L.R.3d 562.

mental effect petitioner's change of name will have upon law enforcement records and the public.