423 A.2d 426

**In re Change of Name of John Benson DILLEN, a Minor Child, by his Mother and Next Friend, Elsie Fayetta Rounds.**

**Appeal of John Benson DILLEN.**

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed Dec. 19, 1980.

Frank J. Piatek, New Castle, for appellant.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

This is an appeal from the refusal of the court below to grant appellant's petition to change his name. We reverse.

Appellant's name is John Benson Dillen. He was born during his mother's marriage to Marshall Bruce Dillen. His mother and putative father were divorced one year and eight months later. The mother testified that she wished to have the child's name changed to John Bensing Rounds, Jr., because John Bensing Rounds, Sr., whom she married ten months after the divorce, is the child's natural father. Rounds, Sr., testified that he is indeed the child's father, and that he had consented to the name change. The child, who was twelve years old at the time of the hearing, testified that he understood the nature and purpose of the hearing, and that he, too, wished to have his name changed in order to reflect his true parentage. All three witnesses filed affidavits of consent. The record shows, by testimony and by certification of the county prothonotary, that no liens or judgments were outstanding against the child. There was no objection to the change from anyone. Notice had been published in the *Lawrence Law Journal,* as required. Attempts to serve personal notice upon Marshall Dillen, and to secure his written consent, at three different addresses were unsuccessful; Dillen put in no appearance at the hearing.

The court below denied the petition *sua sponte* on the grounds that the name change would 1) "result in a representation that [the mother]'s husband, John Bensing Rounds, is the real and natural father of the child without any legal establishment of such relationship[;]" and 2) disrupt any relationship between the child and Marshall Dillen. The court observed that adoption might be a better method of

securing the change, and also that, since the mother did not testify that she had no access to Marshall Dillen during the period of conception, the court could not find Rounds, Sr., the natural father.

Since, as noted above, there was no objection to the petition, and since there is no evidence of record that the change was for purposes of fraud or to bizarre or offensive name, see *Petition of Falcucci*, 355 Pa. 588, 591, 50 A.2d 200, 202 (1947), the court below had not the required factual basis to support its decision. See *Petition of Alexander*, 260 Pa.Super. 371, 374–75, 394 A.2d 597, 599 (1978). The court's objection on the ground that it had not been proven that Rounds, Sr., was the child's natural father is of no moment, for the issue before us is not paternity but rather whether the child's name should be changed on the evidence presented. There was no evidence of any relationship between the child and Marshall Dillen, and the court's speculation that such a relationship could be disrupted by the name change was, therefore, error. The lower court's refusal to grant the name change under the circumstances was an abuse of discretion.

The order of the court below is reversed, the prayer of the petitioner is granted and the child shall hereafter bear the requested name John Bensing Rounds, Jr.