## In re Muffley

*Joseph J. Matika,* for petitioner.

LAVELLE, *P.J.,* July 12, 1990 — Lisa Marie Muffley asks this court to grant her petition to change her surname from Muffley to Maurer. After a hearing on June 15, 1990, we shall deny her request.

## FACTS

Petitioner is 26 years of age, and was previously married to John R. Muffley. Their marriage produced three children, whose ages are nine, seven, and six years. The three children currently reside with petitioner and are surnamed Muffley. On January 28, 1988, this court granted petitioner and John R. Muffley a consensual divorce. Starting in 1987, before the divorce decree was entered, petitioner and Scott G. Maurer began cohabiting. Petitioner testified that she and Maurer postponed marrying immediately after the entry of the divorce decree to save their money to buy a home and pay for their wedding. Unfortunately, Maurer met an untimely death before he and petitioner were legally married.

Scott's parents, Charlotte Maurer and George Maurer, testified that they have no objection to petitioner assuming their surname.

Petitioner wants her surname changed because she loves Scott and wants to perpetuate his name.

Creditors of petitioner had notice, as required by the statute, of petitioner's desire to change her surname and no creditors made any objection to her petition. The natural father of petitioner's children did not have notice of the petition.

Following the hearing, the court asked petitioner's counsel whether it was petitioner's desire that the surname of her three children also be judicially changed.* On June 19, 1990, petitioner's legal

---

\* Title 54 Pa.C.S. §703 states:

"(a) *General rule* — Whenever an order is made under this chapter changing the surname of anyone who is at the time thereof the parent of a minor child or adopted minor child, then under the care of such parent, the new surname of such parent shall, unless otherwise ordered by the court, thereafter be borne likewise by such minor child."

counsel, Joseph Matika, Esq., forwarded a letter to the court informing us that petitioner does not desire that the surname of her three natural children be changed from Muffley to Maurer.

## DISCUSSION

The statute governing judicial change of an individual's name is the Act of December 16, 1982, P.L. 1309, §2 (54 Pa.C.S. §§701 through 705. Under section 702,, "[T]he court of common pleas of any county may by order change the name of any person resident in the county." (emphasis supplied)

The court has wide discretion to grant or refuse a [name change] petition after due hearing and notice. *Petition of Alexander,* 260 Pa. Super. 371, 374, 394 A.2d 597, 599 (1978), citing *Petition of Falcucci,* 355 Pa. 588, 50 A.2d 200 (1947). Whenever a court has discretion in any matter (as it has in the matter of a change of name) it should exercise that discretion in such a way as to comport with good sense, common decency and fairness to all concerned and to the public. *Alexander,* 260 Pa. Super. at 374, 394 A.2d at 599. Moreover, the court is required to enunciate some factual basis to support its decision concerning a name change.

Essentially, petitioner seeks this name change to carry out a marriage plan which her fiance's death aborted. She seems to believe that, somehow, they can be united and bonded even after his death by now obtaining his surname. We do not believe that the act, permitting the court to judicially change a petitioner's name, was ever intended to be used as a posthumous substitute for an aborted marriage. There are better, and far more permanent ways petitioner has to honor the memory and carry on the name of Maurer than for this court to change the name of a 26-year-old nubile petitioner with three

minor children. For example, she could plan a tree in his memory or establish a high-school award in his name for worthy students.

It is primarily because of the children, however, that we deny the petition. Petitioner states that she does not want the surname of her three children changed from their birth name to Maurer.

"[I]n all cases affecting children, they are the ones to be kept in mind by the court disposing of such [change of name] cases." *Rounick's Petition*, 47 D.&C. 71, 73 (1947).

If we were to grant petitioner's request for name change, her surname would differ from that of her children. This would immediately create disparity in the family unit. It would also cause her children, all of whom are in elementary school, unnecessary hardship. Courts are continually being asked to grant petitions for change of name and adoption to save children the embarrassment of being asked by their classmates why their names differ from their parents. It would be naive of us to think that this would not happen here. We are unwilling to subject petitioner's children to this humiliating inquisition, potential ridicule, and the appearance of illegitimacy.

Moreover, we have no evidence that petitioner's children understand the meaning and significance of a change of their mother's surname or how they would react to their mother carrying the surname of a man with whom she cohabited briefly but did not marry.

The record in this case simply does not move the court to exercise its discretion in favor of petitioner because we believe that more harm than good will follow.

We, therefore, enter the following

## ORDER OF COURT

And now, July 12, 1990, upon consideration of the instant petition to change name, and the testimony offered to this court, it is hereby ordered and decreed that Lisa Marie Muffley's prayer for change of name is hereby denied and said petition is dismissed.