**In the Matter of the Petition for Change of Name of Dennis H.F. MEES, Petitioner and Appellant.**

**Civ. No. 900309.**

Supreme Court of North Dakota.

Jan. 16, 1991.

Elaine Ayers, Asst. Atty. Gen. (argued), Atty. General's Office, Bismarck, amicus.

Dennis H.F. Mees, Bismarck, (no appearance), pro se.

ERICKSTAD, Chief Justice.

Dennis H.F. Mees appeals from an order of the District Court for the South Central Judicial District which denied his petition for a change of name. We reverse and remand with instructions.

On July 16, 1990, Mees published his intent to change his name in the *Bismarck Tribune.* On July 18, 1990, Mees filed a Petition for Change of Name accompanied by an Affidavit in Support of the Petition for Change of Name and an Affidavit of Publication.[1] It appears that Mees has

___

1. The pertinent part of Mees's affidavit reads as follows:

"1. That he is the Petitioner In the Matter of the Petition For Change of Name of: Dennis H.F. Mees.

complied with all of the procedural requirements of a statutory name change. *See* § 32–28–02, N.D.C.C.[2]

No request was made for a hearing and none was held. The court apparently made its determination based on the materials provided to it by Mees. On August 10, 1990, the district court denied the petition for change of name with these words:

"The petition for change of name is denied. The purpose of court approval is to prevent just the kind of thing the petitioner seeks to accomplish."

■ We have previously discussed the application of section 32–28–02, N.D.C.C., in *Petition of Dengler*, 246 N.W.2d 758 (N.D.1976).[3] In *Dengler*, we recognized that a trial court is vested with discretion in reviewing a petition for change of name. *Id.* In *Dengler*, we said:

"The statutory requirement 'that there exists proper and reasonable cause for changing the name' clearly vests the trial court with a great degree of judicial discretion."

246 N.W.2d at 764.

Therefore, absent an abuse of discretion, the determination of the district court will not be reversed.

While we are convinced that the trial court is granted a great deal of judicial discretion, we do not believe that the discretion afforded to the trial court is absolute. In *Dengler*, we noted that the Supreme Court of South Dakota, in interpreting a change of name statute similar to our own, held that the denial of a change of name requires that some substantial reason exist to justify the refusal to grant the petition. 246 N.W.2d at 764 (citing *Ogle v. Circuit Court, Tenth Judicial District*, 227 N.W.2d 621 (S.D.1975)). While we have declined to adopt such a rule, we are convinced a change of name cannot be arbitrarily denied.

■ Section 32–28–02, N.D.C.C., does not require an evidentiary hearing in conjunction with a petition for change of name; however, it does say that the court,

"upon being duly satisfied by affidavit or proof in open court of the truth of the allegations set forth in the petition, that there exists proper and reasonable cause for changing the name of the petitioner, and that thirty days' previous notice of the intended application has been given in some newspaper printed in the district, shall order a change of the name of the petitioner."

In light of that language, we believe that the district court must make findings sufficiently definitive so that on appeal we can determine whether or not the findings are

---

"2. That he is currently incarcerated in the North Dakota State Prison.
"3. That he is an insurance salesperson in the state of Texas.
"4. That he is known by his professional name, James William Allen, in the state of Texas.
"5. That upon the expiration of his sentences, he will return to Texas to live and work.
"6. That the purpose of the requested change of name is not for purposes of fraud or other illegal purposes.
"7. That he seeks a new start in life which will be aided by the change of his name to James William Allen.
"8. That he makes this Affidavit in support of his PETITION FOR CHANGE OF NAME."

2. Section 32–28–02, N.D.C.C., reads as follows:
"*32–28–02. Change of name of person—Petition.* Any person desiring to change his or her name may file a petition in the district court of the county in which the person is a resident, setting forth:

1. That the petitioner has been a bona fide resident of the county for at least six months prior to the filing of the petition.
2. The cause for which the change of the petitioner's name is sought.
3. The name asked for.
The judge of the district court, upon being duly satisfied by affidavit or proof in open court of the truth of the allegations set forth in the petition, that there exists proper and reasonable cause for changing the name of the petitioner, and that thirty days' previous notice of the intended application has been given in some newspaper printed in the district, shall order a change of the name of the petitioner. The court may waive publication of the notice when the proposed change relates only to a first or given name as distinguished from a surname."

3. The legislature has amended section 32–28–02, N.D.C.C., since our decision in *Petition of Dengler*, 246 N.W.2d 758 (N.D.1976). Discretion is still retained in the district courts.

arbitrary, unreasonable, or unconscionable. *E.g., Routledge v. Routledge,* 377 N.W.2d 542, 547 (N.D.1985). *See generally, Petition of Alexander,* 260 Pa.Super. 371, 394 A.2d 597 (1978) (the petition of a convict was initially denied but remanded for further findings concerning the detrimental effect that the change might have on law enforcement records and the public).

Because proper determination of this appeal requires consideration of the order of the district court and findings of the district court, we remand this case for definitive findings, and a hearing if the district court deems it necessary.

■ Our decision today is consistent with recent legislation affording certain rights to convicts. Section 12.1–33–02, N.D.C.C., outlines those rights which are retained by convicts as follows:

> *"Rights retained by convicted person.* Except as otherwise provided by law, a person convicted of a crime does not suffer civil death or corruption of blood or sustain loss of civil rights or forfeiture of estate or property, but retains all of his rights, political, personal, civil, and otherwise, including the right to hold public office or employment; to vote; to hold, receive, and transfer property; to enter into contracts; to sue and be sued; and to hold offices of private trust in accordance with the law."

Included within those retained civil rights is the right to change one's name. However, we do note in section 12.1–33–02.1 that:

> "1. ... [a] person may be denied a license, permit, certificate, or registration because of prior conviction of an offense if it is determined that such person has not been sufficiently rehabilitated, or that the offense has a direct bearing upon a person's ability to serve the public in the specific occupation, trade, or profession."

Section 12.1–33–02.1, N.D.C.C., also provides the following:

> "3. If conviction of an offense is used in whole or in part as a basis for disqualification of a person, such disqualification shall be in writing and shall specifically state the evidence presented and the reasons for disqualification. A copy of such disqualification shall be sent to the applicant by certified mail."

In this light, requiring written findings delineating the reason(s) for denying a change of name petition is consistent with legislation which has expanded civil rights retained by convicts.

Reversed and remanded with instructions. No costs are allowed on appeal.

MESCHKE, GIERKE and VANDE WALLE, JJ., concur.

LEVINE, Justice, concurring specially.

In *Petition of Dengler,* 246 N.W.2d 758 (N.D.1976), this Court held that the trial court did not abuse its discretion in denying Dengler's application to change his name to "1069." We declined to adopt the rule that there should be a substantial reason to justify a refusal to grant a name change, because the change of name was to a number. I do not agree with the Court's exception in *Dengler* but that is beside the point because in the case before us, Mees is not seeking to change his name to a number and so the rule of substantial reason should apply.

In *Petition of Dengler, supra,* we said that our name-change statute is not exclusive but instead supplements the common law. *Id.* At common law, one has a general right to change one's name, absent a fraudulent purpose: "There is nothing in the common law requiring a showing of a compelling need to justify a change of name and any such requirement is inconsistent with the common-law principle that names may be changed in the absence of a fraudulent purpose." 57 Am.Jur.2d *Name* § 17 at 665. Thus, although it is discretionary with the trial court to grant or deny a name change, there must be a fraudulent purpose to justify denying the change or some equally substantial reason. *See Re Application of Dengler,* 287 N.W.2d 637 (Minn.1979).

I think the district court found that Mees had a fraudulent purpose in seeking a name change but I am not sure why. If it

concluded that a convict's pursuit of a fresh start via a change of name is impermissible as a matter of law, I am skeptical. If it determined as a matter of fact that Mees had a fraudulent purpose, I would like to know why. Therefore, I concur in remanding for an explication and if the trial court deems it appropriate, for a hearing.