**FIRST AMERICAN BANK WEST,**
Plaintiff and Appellant,

v.

Kathleen L. **BERDAHL,** Defendant
and Appellee.

Civil No. 960047.

Supreme Court of North Dakota.

Nov. 13, 1996.

Richard P. Olson, Olson Burns Lee & Larson, Minot, for plaintiff and appellant. Appearance by Teri L. Anderson.

Steven L. Latham, Wheeler Wolf, Bismarck, for defendant and appellee.

SANDSTROM, Justice.

First American Bank West (the Bank) appealed from a district court "letter opinion,"[1] which we will treat as an appeal from the district court judgment awarding the Bank $2,800 from Kathleen L. Berdahl. Under N.D.C.C. § 34–02–11, the Bank contends Berdahl owed it all her commissions

---

1. The right of appeal is purely statutory. *Vanderhoof v. Gravel Products, Inc.,* 404 N.W.2d 485 (N.D.1987). N.D.C.C. § 28–27–02 does not authorize an appeal from a letter opinion. We have treated an attempted appeal from an order for judgment or a memorandum decision as an appeal from a subsequently entered consistent judgment. *Id.* We have treated an attempted appeal from the entry of judgment or from the notice of entry of judgment as a proper appeal from the previously entered judgment. *Id.* The interests of justice similarly require that we treat an attempted appeal from a letter opinion as a proper appeal from the subsequently entered consistent judgment.

from securities sales. We affirm because of an agreement to the contrary.

## I

Berdahl was a salaried employee of the Bank and its predecessor from 1981 until 1994. In 1988, the Bank had Berdahl licensed to sell securities (mutual funds) to the Bank's customers through an arrangement with AMEV, which later became Fortis Investors, Inc. Berdahl then sold securities to the Bank's customers in the Bank during banking hours. Initially, Berdahl's commissions on the sales were placed in a special account in the Bank. Later, Berdahl had her commissions placed in an account in her name at Fortis Investors, Inc. When Berdahl resigned her position at the Bank, the Bank sued, alleging Berdahl's commissions belonged to the Bank.

After a bench trial, the court sent the parties a letter stating the Bank's request for Berdahl's commissions was denied. The letter also advised the Bank it was entitled to reimbursement for reasonable business expenses incurred while Berdahl was selling securities in the Bank's facilities, and requested the Bank to document its "normal business expenses associated with security sales." By letter of December 4, 1995, the court informed the parties there was nothing in the record to justify an expense award to the Bank greater than the $2,800 testified to at trial by Berdahl. A judgment was entered for the Bank for $2,800 on January 22, 1996.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–02.

## II

■ The Bank contends the court's finding it is entitled only to reimbursement for reasonable expenses incurred while Berdahl sold securities in the Bank is contrary to North Dakota employment law. The Bank relies on N.D.C.C. § 34–02–11 and 34–02–12, which provide:

> "*34–02–11. Products of employment belong to employer—Exception.* Everything which an employee acquires by virtue of his employment, whether acquired lawfully or unlawfully or during or after the expiration of the term of his employment, except any compensation which is due him from his employer, belongs to the employer."

> "*34–02–12. Employee shall account to employer—Demand required—Exception.* An employee, upon demand, shall render to his employer just accounts of all his transactions in the course of his service as often as may be reasonable, and he shall give, without demand, prompt notice to his employer of everything which he receives for his account."

Although these statutes have been law since before Statehood [*see* Civil Code of the Territory of Dakota, §§ 1018 and 1019 (1865) ],[2] this Court has not construed them.

N.D.C.C. § 34–02–11 was construed in *Keller v. Clark Equip. Co.,* 715 F.2d 1280, 1287 (8th Cir.1983), which ruled, "absent any express or implied agreement by the parties to the contrary," the employer would have owned the patent to its employee's invention, but upheld the district court's finding there was an agreement to the contrary. Following the *Keller* interpretation of N.D.C.C. § 34–02–11, we conclude, absent an agreement to the contrary, the commissions earned by Berdahl belonged to the Bank.

Here, the district court made the following findings of fact:

> "3. At all times relevant to this action, the plaintiff knew or had constructive knowledge of the defendant's actions in selling investment securities to the plaintiffs' customers and that all commissions earned by the defendant in the sale of investment securities were paid to the de-

---

**2.** The statutes are derived from §§ 1018 and 1019 of the Field Code, "which, although not adopted by New York for which it was proposed in 1865, was adopted by Dakota Territory in 1865 and by California in 1872." *Glatt v. Bank* *of Kirkwood Plaza,* 383 N.W.2d 473, 476 n. 4 (N.D.1986). The statutes were enacted in California in 1872 as §§ 1985 and 1986, Cal.Civ. Code. *See also* §§ 2680 and 2681, Mont.Civ.Code of 1895.

fendant in her name and under her social security number for income tax purposes.

\*    \*    \*    \*    \*    \*

"5. There was no agreement between the plaintiff and the defendant that the commissions earned by the defendant, in her own name, and upon which she paid income tax, were to be paid to the plaintiff."

Read together, those findings disclose an implicit finding that the Bank and Berdahl had an "agreement to the contrary" for the purposes of N.D.C.C. § 34–02–11.[3] "[W]e have relied on implied findings of fact when the record has enabled us to understand 'the factual determination made by the trial court and the basis for its conclusions of law and judgment entered thereon.'" *Reinecke v. Griffeth,* 533 N.W.2d 695, 698 (N.D.1995) (quoting *All Seasons Water Users v. Northern Improvement Co.,* 399 N.W.2d 278, 281 (N.D.1987)).

The trial court's implied finding that the Bank and Berdahl had an agreement contrary to the provision of N.D.C.C. § 34–02–11 is supported by evidence and was not induced by an erroneous view of the law. On the entire evidence, we are not left with a definite and firm conviction a mistake has been made, and it is, therefore, not clearly erroneous.

## III

■ The Bank contends the trial court erred in awarding it expense reimbursement of only $2,800. The trial court found the Bank was entitled to reimbursement for reasonable expenses incurred in Berdahl's sales of securities to the Bank's customers and "the reasonable expenses as testified to by the defendant are $2,800.00."

Berdahl estimated reimbursement expenses at trial:

"A Well, I feel that we should reimburse them for the fees that they have incurred such as maybe licensing and pay office rent and phone and for the time.

\*    \*    \*    \*    \*    \*

"Q And have you come up with an estimate of the expenses that you think—

"A I think it was like $2,800 for office, phone and time, licensing.

"Q And how did you, what did you base that upon?

"A $250 a month rent on an office, and $100 for phone, the licensing fees and all the expenses that they had incurred.

"Q Okay. And when you calculated this based on the $250 a month rental, did you take it 12 times 250 or did you take a percentage or how did you do that, Kathy?

"A I probably worked on it two hours a week so that's what I figured.

"THE COURT: So it would be two out of 40 hours?

"THE WITNESS: Yes."

The Bank contends the trial court failed to give proper weight to the affidavit of the Bank's chief financial officer suggesting three methods for determining the amount of expense due to the Bank. The first suggested method would have allocated 10 percent of the commissions to Berdahl and 90 percent to the Bank as reimbursement for expenses. It was based on the Bank's first disbursement of commission money to Berdahl and assumed an agreement not found by the trial court to exist. The second method was based on costs of Bank employees, an allocation of occupancy costs per square foot, furniture and equipment costs, allocations for "Human Resources," "Switchboard," and "President," and assumed that Berdahl spent 10 percent of her time selling securities in 1991, and 25 percent of her time in later years. The third method was based upon what other securities representatives with agreements are paid. In rejecting those proposals, the trial court said they "seem to be 'a bit of a stretch' but I did consider them and I did check them very carefully."

From our review of the record, we are not left with a definite and firm conviction the trial court made a mistake in adopting Berdahl's calculation of the reasonable expenses for which the Bank should be reimbursed, rather than any of the Bank's calculations.

---

3. The dissent misstates our rationale, and ignores the knowledge of the Bank.

The trial court's finding the reasonable expenses are $2,800 is, therefore, not clearly erroneous.

## IV

The judgment is affirmed.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

MARING, Justice, dissenting.

I disagree with the majority's conclusion that the trial court's finding that there was no agreement to pay the commissions to the Bank implies a finding there was an agreement to pay the commissions to Berdahl.

I agree with the majority that N.D.C.C. § 34–02–11 is controlling in this case. That statute states, in pertinent part: "Everything which an employee acquires by virtue of his employment, whether acquired lawfully or unlawfully ... belongs to the employer." While there are no cases directly on point, *Keller v. Clark Equipment Company,* 715 F.2d 1280 (8th Cir.1983), cert. denied 464 U.S. 1044, 104 S.Ct. 713, 79 L.Ed.2d 176 (1984) is helpful to the construction of N.D.C.C. § 34–02–11. In *Keller,* the Eighth Circuit Court of Appeals held, "*absent any express or implied agreement by the parties to the contrary,* [the employer] would have been the exclusive owner of the patent under N.D.C.C. § 34–02–11." *Id.* (Emphasis added). The court upheld the district court's finding there was an agreement to the contrary.

The trial court in the present case specifically found, "the defendant Kathleen L. Berdahl was an employee of the First American Bank West and its predecessors. Kathleen worked in customer service as a personal banker." The court also found, "at the plaintiff's request, the defendant [Berdahl] became licensed to sell investment securities to the plaintiff's customers as a service for those customers." The evidence is uncontroverted that Berdahl's training and licensing fees were paid for by the Bank, her "sales office" was her office at the Bank, her investment securities customers were Bank customers, and her salary for her work at the Bank, including time spent selling securities,

was paid by the Bank. The commissions she earned were all "by virtue of her employment" with the Bank. Pursuant to N.D.C.C. § 34–02–11 the Bank is entitled to all the commissions. The majority also reaches this conclusion.

The majority, however, goes on to hold that because there was no specific agreement that the commissions were to be paid to the Bank, it follows that the trial court implied a finding that there was an agreement the commissions were to go to Berdahl. This logic ignores the possible conclusion that there simply was no agreement ever reached with regard to entitlement to the commissions. It is also directly contrary to N.D.C.C. § 34–02–11 and *Keller.* The issue is whether there was an express or implied agreement that Berdahl was to ultimately get all the commissions earned while she was a Bank employee. The trial court never made a specific finding on this issue indicating to this writer that the court did not apply the correct law to the facts of this case. This is exemplified by the trial court's finding "the plaintiff [Bank] has not established that it had any right to or interest in the commissions earned by the defendant [Berdahl]," and its conclusion of law "that the plaintiff [Bank] has failed to meet its burden of proof establishing that it is entitled to the commissions earned by the defendant [Berdahl] in the sale of investment securities." The Bank met its burden of establishing the commissions were earned "by virtue of her employment" with the Bank. Our court is not bound by the trial court's findings of fact when those findings' are based on an erroneous conception of the law. *Mahoney v. Mahoney,* 516 N.W.2d 656, 662 (N.D.App.1994). Based on the entire findings of fact, conclusions of law, order for judgment, and judgment I am left with a definite and firm conviction a mistake has been made by the trial court in its application of the law. I would reverse and remand with instructions to apply N.D.C.C. § 34–02–11 and the holding in *Keller* to this case.

Thus, I respectfully dissent.