1997 ND 164

**Tiffane Marie WALBERT, Plaintiff and Appellee,**

v.

**Russell Lemmie WALBERT, Defendant and Appellant.**

**Civil Nos. 960386, 960387.**

Supreme Court of North Dakota.

Aug. 11, 1997.

Russell Lemmie Walbert, Bismarck, pro se. No appearance.

David Rodger Bliss, Bismarck, for plaintiff and appellee. Submitted on brief.

MARING, Justice.

[¶ 1] Russell Lemmie Walbert has appealed the district court's amended findings of fact, conclusions of law, and order for amended judgment[1] in a divorce action by Tiffane Marie Walbert, and from an order granting Tiffane's petition to change the surnames of the parties' minor children. We affirm in part, reverse in part, and remand.

[¶ 2] In 1995 Tiffane commenced a divorce action. In 1996 Tiffane filed petitions to change the surnames of the parties' minor children and to terminate Russell's parental rights.

[¶ 3] The divorce action was tried on September 30, 1996. Judgment was entered on October 7, 1996, and an amended judgment was entered on October 22, 1996. On Octo-

---

1. An amended judgment was entered on October 22, 1996. We will treat Russell's appeal as an appeal from the amended judgment. *See, e.g., McArthur v. North Dakota Workers Comp. Bureau,* 1997 ND 105, ¶ 1 n. 1, 564 N.W.2d 655; *First Am. Bank West v. Berdahl,* 556 N.W.2d 63, 63 n. 1 (N.D.1996).

ber 15, 1996, the trial court granted Tiffane's motion to dismiss her petition to terminate Russell's parental rights. Tiffane's petition to change the surnames of the parties' minor children was heard on December 4, 1996. On December 10, 1996, the trial court issued an order changing the surnames of the parties' minor children from Walbert to Morris, which was Tiffane's maiden name.

[¶ 4] Russell contends the trial court abused its discretion by refusing to appoint a guardian ad litem for each of the parties' minor children. Russell based his motion on NDCC 14–07.1–05.1, which allows the district court to "appoint a guardian ad litem in an action for a protection order to represent a minor." As the trial court observed in denying the request, "Section 14–07.1–05.1 applies to a protection order proceeding[ ] which is not applicable in any of these three cases." The trial court did not abuse its discretion in denying Russell's motion for appointment of guardians ad litem.

[¶ 5] Russell contends the trial court abused its discretion in refusing to appoint counsel for him. Russell requested the appointment of counsel under NDCC 14–17–18. NDCC 14–17–18 deals with the appointment of counsel in proceedings to determine parentage or to terminate parental rights in the case of a child relinquished or proposed to be relinquished for adoption, matters not involved in the cases before us. The trial court did not abuse its discretion in refusing to appoint counsel under NDCC 14–17–18.

[¶ 6] Russell, an inmate at the North Dakota State Penitentiary, contends the trial court abused its discretion in failing to allow him to appear at the hearings in person or by telephone. In September 1996, Russell's case manager at the penitentiary attempted, on Russell's behalf, to get permission from the district court for Russell to appear in the divorce hearing by telephone. The case manager stated in his affidavit:

I made my request for Mr. Walbert, asking if it was possible to have Mr. Walbert appear at his Divorce Hearing telephonically. I was told that Judge Schneider was not in the Bismarck office that day, and that my request would be relayed to him. Either later that same day or the next day, I received a message on my voice mail [answering machine] that Judge Schneider had denied Mr. Walberts telephonic appearance request. I then informed Mr. Walbert of the Judge's decision.

The record does not contain any explanation for the trial court's refusal to allow Russell to appear by telephone.[2] Russell was not present at the divorce trial or at the hearing on Tiffane's petition to change the surnames of the parties' children and was not represented by counsel.

[¶ 7] While " 'convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison' . . ., '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights.' " Ennis v. Berg, 509 N.W.2d 33, 35 (N.D.1993) (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282, 289 (1987) (citations omitted)). "Subject to conditions implicit in imprisonment, a prisoner may not be deprived of life, liberty, or property without due process of law." Ennis v. Schuetzle, 488 N.W.2d 867, 871 (N.D.1992). See also Kelley v. Powers, 477 N.W.2d 586, 589 (N.D. 1991). "Although prisoners have diminished constitutional protections, they do maintain a due process right to reasonable access to the courts." In re Adoption of J.S.P.L., 532 N.W.2d 653, 657 (N.D.1995). See also Ennis v. Schuetzle, 488 N.W.2d at 870–71. Under NDCC 12.1–33–02, a person convicted of a crime retains the right to sue and be sued. In re Adoption of J.S.P.L., 532 N.W.2d at 658.

[¶ 8] Prisoners have no absolute constitutional right to personally appear at pa-

---

2. "[A]lthough prisoners may be denied personal court appearances for a variety of reasons related to their imprisonment, additional punishment is not among them." In re Adoption of J.S.P.L., 532 N.W.2d 653, 656 n. 2 (N.D.1995).

rental termination or adoption proceedings. *In re Adoption of J.M.H.*, 1997 ND 99, ¶ 18, 564 N.W.2d 623; *In re Adoption of J.S.P.L.*, 532 N.W.2d at 661. "[A] prisoner's right to appear personally at a civil proceeding is limited." *Norman v. Leingang*, 521 N.W.2d 395, 397 (N.D.1994). "[A] convict does not have a constitutional right to personally appear in a civil suit where he has been permitted to appear through counsel and by deposition, if appropriate." *In Interest of F.H.*, 283 N.W.2d 202, 209 (N.D.1979). "Any right to appear personally would have to rest upon convincing reasons and would ultimately be left to the sound discretion of the trial court." *Id.*

In making its determination the trial court may take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition. The exercise of the trial court's discretion concerning a prisoner's right to appear personally in a civil action will not be overturned by this court in the absence of an abuse of that discretion which we have defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.

*In Interest of F.H.*, 283 N.W.2d at 209.

[¶ 9] "Prisoners' due process rights generally are satisfied if they are represented by counsel and have an opportunity to appear by deposition or other discovery technique." *In re Adoption of J.M.H.*, 1997 ND 99, ¶ 18, 564 N.W.2d 623. "Procedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *In re Adoption of*

*J.W.M.*, 532 N.W.2d 372, 377 (N.D.1995). We have said that "[a] Rule 3.2 [N.D.R.O.C.] request for oral argument must be granted to any requesting party, including a prison inmate." *In re Adoption of J.S.P.L.*, 532 N.W.2d at 657. However, as we noted in *Ennis v. Berg*, 509 N.W.2d at 38, "Rule 3.2 specifically provides such hearings can be held by telephone conference."

[¶ 10] Russell was not represented by counsel ·in the divorce action. The trial court's unexplained denial of Russell's reasonable request to appear at the hearing by telephone deprived Russell of "a meaningful opportunity for a hearing appropriate to the nature of the case," *In re Adoption of J.W.M.*, 532 N.W.2d at 377. We conclude the trial court abused its discretion in denying Russell's request to appear at the hearing by telephone, and deprived Russell of his "due process right to reasonable access to the courts." *In re Adoption of J.S.P.L.*, 532 N.W.2d at 658.

[¶ 11] Russell contends the trial court erred in changing his son's surnames from Walbert to Morris. Absent an abuse of discretion, a trial court's determination on a petition for a change of name will not be reversed. *Matter of Mees*, 465 N.W.2d 172, 173 (N.D.1991). However, under NDCC 32–28–02, "the district court must make findings sufficiently definitive so that on appeal we can determine whether or not the findings are arbitrary, unreasonable, or unconscionable." *Mees*, 465 N.W.2d at 173–74. The district court's order states only the following explanation for granting the name-change petition:

The court having heard the testimony of witnesses & arguments of counsel and being fully advised in the premises, and it appearing that the notice of name changes was given in accordance with the provisions of N.D.C.C. 32–28–[02] and that there is good cause for the name changes....

That statement is not "sufficiently definitive" to facilitate effective appellate review. Tif-

fane's petition for a change of name referred to violent behavior by Russell, which the district court addressed in findings of fact issued in Tiffane's divorce action. We have already determined the district court abused its discretion in refusing to allow Russell to be heard by telephone in the hearing in Tiffane's divorce action. That denial also may well have prejudiced Russell's position on the name-change petition.

[¶ 12] The divorce judgment is reversed with respect to its provisions governing Russell's visitation with the parties' children and is otherwise affirmed.[3] The order changing the surnames of the parties' children is reversed. The visitation and name-change matters are remanded for the district court's redetermination after affording Russell a reasonable opportunity to present testimony and cross-examine witnesses by telephone.

[¶ 13] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

---

3. Russell said in his brief that he "does not contest the issues of custody or dissolution," but "does contest the issues of visitation & surname changes."