2000 ND 27

**In the Interest of the Minor Child C.J.C.**

**T.P.C., individually, and C.J.C., a minor child, by and through her Guardian Ad Litem, Plaintiffs and Appellees,**

v.

**B.J.M., Defendant and Appellant.**

**No. 990282.**

Supreme Court of North Dakota.

Feb. 22, 2000.

Scott J. McDonald, McDonald Law Office, Bowman, N.D., for defendant and appellant; submitted on brief.

Gary D. Ramsey, Greenwood & Ramsey, P.L.L.P., Dickinson, N.D., for plaintiffs and appellees.

NEUMANN, Justice.

[¶ 1] B.J.M. appeals from the trial court's judgment changing her minor child's surname and ordering equal payment of guardian ad litem and psychological examination expenses. We affirm.

[¶ 2] This case arises from a paternity action. On July 16, 1998, B.J.M. ("the mother") gave birth to C.J.M ("the minor child"). On its birth certificate, the minor child was given the mother's surname, which is also the surname of the mother's ex-husband. T.P.C. ("the father") is the minor child's biological father. The father and the mother are not and never have been married to each other.

[¶ 3] On August 5, 1998, the father sued, seeking custody and petitioning for appointment of a guardian ad litem. On August 13, 1998, the trial court appointed a guardian ad litem and waived any fees on the mother's behalf because of her indigence. The guardian ad litem requested the parties undergo psychological assessments. Before trial, the father and the mother stipulated to paternity, custody, $282 per month child support, and visitation. The only issues tried were the minor child's surname, and payment of guardian ad litem and psychological assessment expenses. The trial court concluded the minor child's surname should be the biological father's surname and that the expenses should be shared equally between the parties. The mother appeals. A transcript of the trial was not provided for the appeal.

[¶ 4] The mother argues the trial court erred as a matter of law by changing the minor child's surname because the court did not have the legal authority to do so without the consent of both parents. We disagree.

[¶ 5] This action was brought under North Dakota's Uniform Parentage Act. N.D.C.C. ch. 14–17. The Uniform Parent-

age Act impliedly grants trial courts the power to change surnames. *See, Cobb by Webb v. Cobb,* 844 S.W.2d 7, 8 (Mo.App. W.D.1992) (interpreting § 210.841 RSMo (1986)); *D.K.W. v. J.L.B.,* 807 P.2d 1222, 1223 (Colo.App.1990) (interpreting § 19–4–116(3) C.R.S. (1990 Cum.Supp.)); *Bobo v. Jewell,* 38 Ohio St.3d 330, 528 N.E.2d 180, 184 (1988) (interpreting R.C. 3111.13(C) and (B)). Under the Act, the determinative issue is whether the surname change is in the minor child's best interest. *Id.* N.D.C.C. § 14–17–14(3) provides, "[t]he judgment or order may contain any other provision ... concerning ... any other matter in the best interest of the child." Under this section, the trial court had authority to change the minor child's surname, if such a change was in the minor child's best interests. *Compare, Walbert v. Walbert,* 1997 ND 164, ¶ 11, 567 N.W.2d 829 (applying an abuse of discretion standard to a name change granted under N.D.C.C. § 32–28–02).

[¶ 6] Here, the trial court failed to make the necessary finding that the surname change was in the minor child's best interests, and we are unable to determine the court's reasoning from the record. Although this issue was not raised on appeal, we might have remanded temporarily, directing the trial court to consider the issue, determine whether the surname change was in the child's best interests, and make an appropriate finding based on the evidence. Unfortunately, in this case, a temporary remand would not aid our review. Without a transcript, we would not be able to conduct a meaningful review of the appropriateness of any newly entered finding.

[¶ 7] Rule 10(b), N.D.R.App.P., requires the appellant to file the trial transcript with this Court on appeal. We have previously warned: "The appellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the

issue." *Sabot v. Fargo Women's Health Organization, Inc.,* 500 N.W.2d 889, 891–92 (N.D.1993). Because we have not been provided a transcript, we elect not to remand this case for consideration of the best interests standard by the trial court.

[¶ 8] The mother argues the trial court erred as a matter of law exceeding its authority by modifying the fee waiver contained in the order appointing a guardian ad litem. We disagree. The order appointing a guardian ad litem was not a final judgment and was, therefore, subject to change at any time prior to entry of a final judgment. Rule 54(b), N.D.R.Civ.P. The mother also argues the trial court abused its discretion by equally splitting the guardian ad litem and psychological examination fees. Because of the lack of transcript, we must review this issue under the limited record presented. *Sabot,* at 891–92. Cost taxation is within the trial court's discretion and will not be disturbed on appeal unless it is affirmatively established the trial court abused its discretion. *Iverson v. Iverson,* 535 N.W.2d 739, 743 (N.D.1995). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when its decision is not the product of rational mental process. *Weigel v. Weigel,* 2000 ND 16, ¶ 16, 604 N.W.2d 462 (2000). The available record contains only fragmentary, incomplete information as to the parties' income and expenses. It does not reveal an abuse of discretion.

[¶ 9] We affirm the trial court's judgment.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.