2002 ND 153

**Loretta GRAD, Mother, on behalf of the minor child, Samantha JANDA, Petitioner and Appellant,**

v.

**Alen JEPSON, Respondent and Appellee.**

**No. 20020043.**

Supreme Court of North Dakota.

Sept. 20, 2002.

Paul H. Myerchin, Bormann & Myerchin, LLP, Bismarck, ND, for petitioner and appellant.

Theresa L. Zimmerman (on brief), American Legal Services, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1]   Loretta Grad appealed from the trial court's dismissal of a petition to change the surname of her minor child. We conclude the trial court did not abuse its discretion in holding the petitioner did not establish "proper and reasonable cause" to change the name of the minor child.   We affirm.

I.

[¶ 2]   Loretta Grad and Alen Jepson are the parents of minor child, Samantha Janda, born in December 1995.   Grad and Jepson have never been married.   Samantha was given her mother's maiden name, Janda, at birth.   Jepson was awarded joint legal custody and liberal visitation.

[¶ 3]   On August 18, 2001, Loretta married and changed her surname from Janda to Grad. On August 28, 2001, Grad signed an affidavit and petition requesting the trial judge to change Samantha's surname to Grad. The petition was mailed to Jepson's home in Brooklyn, Minnesota.   Notice was given in the *Star Tribune* and *The Bismarck Tribune.*

[¶ 4] On September 28, 2001, Jepson filed an objection to the petition. A hearing was held on the matter and the trial court dismissed the name change petition. Grad appealed.

## II.

[¶ 5] Grad contends the trial court erred in dismissing the name change petition of her minor child. Grad argues that changing Samantha's surname would help Samantha identify with the Grad family unit and integrate her into the family. A trial court is vested with discretion in reviewing a petition for a name change brought under N.D.C.C. ch. 32–28. *Petition of Dengler,* 246 N.W.2d 758, 764 (N.D. 1976). Thus, absent an abuse of discretion, a trial court's determination on a petition for a name change will not be reversed. *Matter of Mees,* 465 N.W.2d 172, 173 (N.D.1991).

## III.

[¶ 6] Grad petitioned to change the minor child's surname under N.D.C.C. ch 32–28. Section 32–28–02, N.D.C.C., provides for a name change of a person when "there exists proper and reasonable cause for changing the name of the petitioner." This statute was amended in 1999 to address name changes of minor children. The amendment to N.D.C.C. § 32–28–02 requires actual notice be sent to the non-custodial parent when a request is made to change a child's name. N.D.C.C. § 32–28–02 (Supp.2001). The amended statute further provides that "[i]f the person whose name is to be changed is a minor, the court shall consider the appointment of a guardian ad litem." *Id.*

[¶ 7] By providing for consideration of the appointment of a guardian ad litem, the legislature implicitly sought to protect the child's interests. Thus, "proper and reasonable cause" includes consideration of the best interests of the child in the context of a petition to change a minor child's name. In this case, Grad waived consideration of an appointment of a guardian ad litem for the child's interests.

## IV.

[¶ 8] Grad based her petition to change the child's name on two main issues: (1) her surname and the child's surname have always been the same, and (2) confusion by the child and third parties. Under N.D.C.C. § 32–28–02, "the district court must make findings sufficiently definitive so that on appeal we can determine whether or not the findings are arbitrary, unreasonable, or unconscionable." *Mees,* 465 N.W.2d at 173–74. The trial court's order states the following for denying the name change petition:

> The fact that the name has always been the same as the petitioner's, by itself, is an insufficient basis for changing the name just because the petitioner has chosen to change her name. The confusion issue is more important. Whatever the Court's decision, there are going to be awkward moments in the child's future when she will be forced to explain her name. It will be more confusing for her to explain that her stepfather is not her father though she has his last name than to explain that she has her mother's maiden name. If the petitioner and her husband divorce, the petitioner said S.J.'s surname would remain the stepfather's name. Not only would that be confusing, but then S.J.'s surname would be that of a man to whom she has no legal or biological connections. Finally, the Court believes allowing the name change could lead to alienation of the child from the respondent, even if there is no intent to do so.

[¶ 9] The trial court's findings focused on the best interests of the child. The

trial court held that the reasons presented by Grad were "insufficient" to establish proper and reasonable cause for changing the minor child's surname. These statements are "sufficiently definitive" to determine that the trial court did not abuse its discretion. *Cf. Walbert v. Walbert,* 1997 ND 164, ¶ 11, 567 N.W.2d 829 (concluding that the trial court's finding that there is "good cause for the name change[]" is not "sufficiently definitive" to facilitate effective appellate review). We affirm the dismissal of the name change petition.

[¶ 10] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and WILLIAM A. NEUMANN, JJ., concur.

MARING, Justice, dissenting in part and concurring in part.

[¶ 11] I agree with the majority's conclusion that "proper and reasonable cause" under N.D.C.C. § 32–28–02 includes consideration of the best interests of the child in the context of a petition to change the name of a minor child. I also agree with the majority opinion that the standard of review for this Court is whether the trial court abused its discretion. "An abuse of discretion occurs only when the trial court acts in a arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Krizan v. Krizan,* 1998 ND 186, ¶ 13, 585 N.W.2d 576. I am of the opinion, that under this standard of review, the trial court did abuse its discretion in denying the request for a name change for the minor child.

[¶ 12] The biological mother and father have never been married. At birth, the child was given her mother's maiden name. She has always carried her mother's maiden name and never her biological father's surname. Despite the fact that the child carried a last name different than the biological father's name, there is nothing in the record to indicate this difference affected their relationship. In fact, the record indicates the biological father has joint legal custody and a good, loving relationship with the child. The mother's last name has changed as a result of her marriage. The trial court ordered that the child's last name must remain the mother's maiden name. The mother's maiden name, at this point, is not the mother's last name nor the father's last name. If the child's last name was her mother's current last name and the last name of the family unit she is now a part of, it is difficult to understand how questions would arise concerning her last name. The child, however, will certainly be questioned as to why she does not carry either the last name of her mother or her father. Indeed, she will be placed in the position of explaining that her last name is her mother's maiden name. This child will consequently be placed in the position of revealing that she is illegitimate. Placing the child in this position is not in her best interests.

[¶ 13] This is not a case where the minor child currently bears the last name of the biological father. Because the trial court did not, and he specifically stated he did not, apply what was in the best interests of the minor child, I would reverse and remand for the trial court to apply the correct standard.

[¶ 14] Mary Muehlen Maring