2004 ND 218

**Harley EDWARDSON, Plaintiff and Appellee**

v.

**Lynette LAUER, Defendant and Appellant.**

**No. 20040110.**

Supreme Court of North Dakota.

Nov. 19, 2004.

Paul M. Probst, Probst Law Firm, Minot, ND, for plaintiff and appellee.

Scott A. Hager (argued) and Rodney E. Pagel (appeared), Pagel Weikum Law Firm, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Lynette Lauer appealed from a South Central Judicial District Court judgment changing the surname of the parties' minor child from Lauer to Edwardson/Lauer. Lauer is the minor child's mother; Harley Edwardson is the minor child's father. We affirm the district court's judgment changing the minor child's surname.

[¶ 2] This case began as a dispute over custody of the parties' minor child, Shane. Lauer and Edwardson have never been married. Edwardson filed a complaint against Lauer seeking custody of Shane, child support, and a surname change on Shane's birth certificate to reflect Edwardson's parentage. Lauer filed an answer and counterclaim seeking custody of Shane and child support payments. The parties resolved many of these disputes by private agreement, but a bench trial was held to resolve a continuing conflict over the child's last name, among other issues. Shane, the child at issue, is approximately two years old and has primarily resided with Lauer since birth. Lauer has another minor child, Devon Lauer, who was not born to Edwardson. The sole question on appeal is whether the district court erred in ordering the change in the minor child's name.

## I.

[¶ 3] Under North Dakota's enactment of the Uniform Parentage Act, N.D.C.C. ch. 14–17, district courts are implicitly granted the authority to change a minor child's surname, assuming such a change is in the minor's best interest. *Interest of C.J.C.*, 2000 ND 27, ¶ 5, 606 N.W.2d 117. The specific statutory authority for this conclusion comes from N.D.C.C. § 14–17–14(3), which provides, "[t]he judgment or order [of the district court in an action brought under the Uniform Parentage Act] may contain any other provision . . . concerning . . . any other matter in the best interest of the child."

[¶ 4] We have never explicitly stated the standard of review to be used under the Uniform Parentage Act in evaluating a district court's decision regarding whether a name change is in a minor child's best interest. We hold the clearly

erroneous formulation is the appropriate standard of review in these situations. The clearly erroneous standard of review is logical, given the Uniform Parentage Act provision at issue. Section 14–17–14(3), N.D.C.C., the same statutory subsection that contains the best-interest-of-the-child provision implicitly granting the district court the authority to change a minor's surname, specifically lists other matters on which a district court may order judgment. These include child custody and guardianship, child support, and visitation privileges, all of which involve questions of fact guided by the best-interest-of-the-child analysis and subject to the clearly erroneous standard of N.D.R.Civ.P. 52(a). *See, e.g., Schmidt v. Schmidt*, 2003 ND 55, ¶ 5, 660 N.W.2d 196 (discussing child custody and the clearly erroneous standard in the divorce context); *T.E.J. v. T.S.*, 2004 ND 120, ¶ 4, 681 N.W.2d 444 (applying the clearly erroneous standard to factual determinations in child-support disputes); *K.L.G. v. S.L.N.*, 2001 ND 33, ¶ 9, 622 N.W.2d 232 (using the clearly erroneous standard in the visitation context). Therefore, the standard of review utilized for the specific examples contained in the statute aids our decision regarding the appropriate level of review for a surname change made under the law's general clause.

[¶ 5] A decision to order a surname change under N.D.C.C. § 14–17–14(3) is driven by an examination of the best interests of the child, which is a factual process best suited for clearly erroneous review under N.D.R.Civ. P. 52(a). Although we applied the abuse-of-discretion standard to petitions to change a minor's name under N.D.C.C. ch. 32–28, *Grad v. Jepson*, 2002 ND 153, ¶¶ 5–7, 652 N.W.2d 324, we recognized that the discretion exercised by the district court necessarily includes consideration of the child's best interests. *Id.* Given the underlying applicability of the best-interests-of-the-child framework to both of these situations, the abuse-of-discretion standard is necessarily closely aligned to the clearly erroneous standard and it may be appropriate for us to revisit our application of the abuse-of-discretion standard to a petition to change a minor's name under N.D.C.C. ch. 32–28. Nonetheless, as this precise question is not currently before the Court, nor vital to our resolution of this appeal, we reserve this matter for a future case. *Johnson v. Johnson*, 2001 ND 109, ¶ 13, 627 N.W.2d 779 (we need not answer questions that are unnecessary to the determination of an appeal).

■ [¶ 6] Thus, under N.D.C.C. § 14–17–14(3), we must determine whether it was clearly erroneous for the district court to rule that changing the minor child's name was in his best interest. A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. *Kjelland v. Kjelland*, 2000 ND 86, ¶ 8, 609 N.W.2d 100.

## II.

■ [¶ 7] Lauer maintains the district court erred in ordering the name change because it failed to examine the factors relevant to the best interests of the child. For instance, Lauer argues the district court judgment failed to set forth the factors, if any, indicating a name change was in the child's best interest. Lauer contends the district court's reasoning was geared more toward fairness to the parents involved in Shane's life, rather than the best interests of the child. Lauer further argues that Edwardson, as the party seeking the name change, has the burden of proof on this matter. Lauer claims Edwardson failed to meet this bur-

den of proof, as he only set forth facts establishing that the name change was in his own interest, not the child's interest. Lauer asserts it would be in Shane's best interest to have her surname because Shane is in her primary custody. The surname Lauer would also coincide with the last name of Devon Lauer, Shane's half-brother. Finally, Lauer claims Edwardson did not follow, and the district court did not adhere to, proper procedures for obtaining the name change.

[¶ 8] Although the references in the record to changing Shane's name are admittedly sparse, the district court heard testimony from both parties regarding the name change and proceeded to explicitly contemplate Shane's best interests before issuing its judgment. With respect to the name change, the district court stated:

> Well, in regards to the name. What is in the best interests of the child. He has a father who is, by this agreement and by the child custody report, would share in the child's life. But I also understand the concern of having the different name, but I do think it's appropriate. What I'm going to allow is the Lauer Edwardson. So his name will carry Edwardson, but also carry Lauer. Obviously, at school it would be the first time, go by one name, if that's Ms. Lauer's desire when she enrolls him in school. There was never a marriage, so the name is never part of that issue, but I will allow that.

The district court balanced the potential problems the child might have in the future due to the name change with the relationship between the father and the minor child and decided in favor of the latter. A choice between two permissible views of the evidence is not clearly erroneous and will not be disturbed by this Court on appeal. *Ryan v. Flemming*, 533 N.W.2d 920, 924 (N.D.1995).

[¶ 9] Finally, Lauer's claims of procedural defects were not argued to the district court and, thus, cannot be raised for the first time on appeal. As we recently stated:

> We will not address issues raised for the first time on appeal. One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it. The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories.

*Chapman v. Chapman*, 2004 ND 22, ¶ 7, 673 N.W.2d 920 (internal quotations and citations omitted).

[¶ 10] The judgment is affirmed.

[¶ 11]DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.