STATE ex rel. BLACKHAWK v. DISTRICT COURT OF OSAGE COUNTY et al.

No. 30822. March 17, 1942.

Rehearing Denied May 5, 1942.

Application for Leave to File Second Petition for Rehearing Denied June 9, 1942.

*126 P. 2d 255.*

A. M. Widdows, of Tulsa, for relator.

Hamilton & Kane, McDonald & Files, Gray & Palmer, Tillman & Tillman, H. P. White, Louis A. Fink, and McCoy, Craig & Pearson, all of Pawhuska, for respondent.

OSBORN, J. This is an original proceeding in this court instituted by Reuben Blackhawk, hereinafter referred to as relator, wherein it is sought to obtain a writ of mandamus directing the Honorable Hugh C. Jones, as judge of the district court of Osage county, hereinafter referred to as respondent, to proceed to determine the heirs of Susie Blackhawk, deceased.

Susie Blackhawk, an Osage allottee, died intestate on March 12, 1939. Probate proceedings were instituted in the county court of Osage county. After hearing and approval of the final account of the administrators, the matter came on for determination of heirs and distribution of the estate as authorized by 58 O. S. 1941, §§ 631, 632 (1358, 1359, O. S. 1931). The county court determined that the sole heir of Susie Black-

hawk was her surviving husband, John Blackhawk. It appears that John Blackhawk died on April 14, 1939, leaving as his sole heirs the relator and two other children. An appeal was perfected from the order of the county court determining heirship to the district court, where a trial de novo was had. At the conclusion of the hearing the court entered an order, the material part of which is as follows:

"It is therefore, ordered, adjudged and decreed, that John Blackhawk was not an heir to the estate of Susie Blackhawk, Pah-She-He, and that the estate of John Blackhawk is not entitled to participate in the distribution of the estate of Susie Blackhawk and that the claim of the estate of John Blackhawk and the heirs of the estate of John Blackhawk, is hereby dismissed, denied and refused for the reason that John Blackhawk was not married to Susie Blackhawk and was not at the time of the death of said Susie Blackhawk entitled to participate in the distribution of her estate."

It appears that the administrator of the estate of John Blackhawk, deceased, gave notice of appeal to this court.

The relator contends that the above-quoted order is not a final order but a mere interlocutory finding affecting but one person, and that no appeal lies therefrom to this court, and that he, as an interested party, is entitled to appeal to this court and to that end is entitled to require the district court to proceed to enter its final determination of the heirs of Susie Blackhawk, deceased, in order that relator may prosecute an appropriate appeal to this court. Section 631, supra, provides that upon final settlement of the accounts of the executor or administrator, the court must proceed to distribute the residue of the estate among the persons who by law are entitled thereto. Section 632, supra, provides that the court *must name the persons and the proportions or parts to which each shall be entitled;* that the order or decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal.

In the case of In re Morrison's Estate, 187 Okla. 553, 104 P. 2d 437, we were required to determine the nature of a decree determining heirship. We quoted with approval from the case of In re Noel's Heirship, 156 Okla. 177, 10 P. 2d 259, as follows:

"The question there submitted was not whether Wilson Frazier was an heir, but was 'Who are the heirs of Rena Noel, deceased?' A district court may determine the heirs to be those that were determined to be the heirs by the county court, or it may determine them to be different from that determined by the county court. If a district court determines the heirs to be the same as determined by the county court, the one who appealed from the order of the county court to the district court may appeal from the order of the district court to the Supreme Court. If a district court determines the heirs to be different from that determined by the county court, one who did not appeal from the order of the county court to the district court may appeal from the order of the district court to the Supreme Court. . . ."

These authorities clearly define the nature and scope of a proceeding to determine heirs. The authority of the county court, and of the district court on appeal, is fixed by statute and requires the court to name the persons and the proportions or parts to which each shall be entitled. The question before the court and the only question which the court has jurisdiction to determine is, Who are the heirs of deceased? It thus appears that the order of the district court in the instant case is not a final order from which an appeal may be prosecuted, and relator, as a matter of right, is entitled to an order from which an appeal may be prosecuted to this court and an order that complies with the requirements of the applicable statutes.

It is evident that the trial court was of the view that the administrator of the estate of John Blackhawk, deceased, was entitled to prosecute an appeal from the above-quoted order, and that it would be useless to proceed to determine heirs of Susie Blackhawk until the determination of said appeal by this court. As heretofore pointed out, said administrator was without authority to prosecute such appeal, and in this respect the trial court entertained a mistaken view of the law. We have heretofore held that where, on account of a mistaken view of the law, there has been no exercise of the judgment or discretion vested in a judicial officer, a writ of mandamus will lie to require the officer to act within the limits of the law. See State v. County Court of Marshall County, 183 Okla. 274, 81 P. 2d 488.

We believe that the trial court will act in accordance with the views herein expressed, and therefore deem it unnecessary to issue a formal writ of mandamus. The writ is granted, but the same is, for the time being, withheld.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and HURST, J., absent.