**MURRAY v. TEAPE et al.**

No. 35539.

Supreme Court of Oklahoma.

June 23, 1953.

P. D. Erwin, Chandler, for plaintiff in error.

Hill & Godfrey, Oklahoma City, J. T. Criswell, Prague, for defendants in error.

O'NEAL, Justice.

On the 16th day of June, 1943, C. M. Murray and the Prague Drilling Company entered into a written contract under the terms of which plaintiff rented or leased to defendants certain drilling equipment, at specified rentals in the sum of $500, the drilling equipment to be returned to plaintiff at the expiration of 15 days after the delivery thereof to the defendants. Plaintiff pleads that defendants breached the contract by retaining a portion of said drilling equipment beyond the 15 day period, but at subsequent dates defendants did return the following equipment to plaintiff; namely one 4″ x 38 foot Kelly; one 6 x 16 Wilson Snyder Power Pump and one 1⅛ 1500 foot wire line, but failed and neglected to return to plaintiff one electric light plant and 3060 feet O. D. drill pipe.

As an additional cause of action plaintiff alleged that at subsequent times defendants, without plaintiff's knowledge or consent, appropriated to its own use and benefit, the following equipment: 1¾ x 4500′ drilling line; 1⁹⁄₁₆ x 600 sand line; 1–5½″ x 30′ Bailor; 1–5½″ Star Bit and 12 V Belts for Mud Pump

Plaintiff further states that thereafter he recovered from the defendants the 1¾ x 4500′ drilling line, but none of the other enumerated articles. Plaintiff seeks to recover a judgment for the usable rental value of the 1¾ x 4500′ drilling line, the sum of $180, and for the balance of the drilling equipment enumerated and not returned, the sum of $1,711.80 or a total of $1,891.80.

The defendants, E. C. Teape, Karl Kruger and A. A. Thornton, a copartnership, were doing business as the Prague Drilling Company. After the death of E. C. Teape the action was revived in the name of Genevieve Teape, as executrix of the will of E. C. Teape, deceased. Thereafter, plaintiff filed his claim, above referred to, against the estate of E. C. Teape, deceased, which claim was disallowed.

Defendants by answer admitted the execution of the written contract of June 16, 1943, and the payment of the sum of $500 as provided in said contract for the use of the drilling equipment therein enumerated. For further answer they deny that they retained any of said enumerated equipment longer than the 15 day period, as provided for in the contract, and specifically deny that they appropriated any of said equipment to their own use and benefit as alleged by plaintiff. Finally, defendants plead that plaintiff's cause of action to recover upon his claim for the alleged wrongful conversion of said enumerated equipment is barred by the statute of limitations under the provisions of 12 O.S.1951 § 95.

On the trial October 5, 1951, a verdict was returned in favor of the plaintiff in the sum of $635.80. Plaintiff filed his motion for a new trial on October 6, 1951, which motion was overruled. His appeal was perfected in the time provided by statutes.

Defendants filed their motion for a new trial on October 9, 1951, which motion was overruled. They filed their cross-petition in error in this court on May 10, 1953. As defendants' motion was not filed within three days as provided by 12 O.S.1951 § 653, and as its petition in error was not filed within three months as provided by 12 O.S.1951 § 972, no further consideration

need be given to defendants' motion for a new trial or its cross-petition in error.

■ Plaintiff here contends that the drilling equipment leased or rented to defendants under the verbal contract creates the relationship of bailor and bailee, and that proof of ownership, possession by defendants, failure to return and proof of value, constitute a prima facie case warranting the submission of the case to the jury. In support of this claim plaintiff further contends that the statute of limitations on bailed property does not run until a demand is made for the return thereof. The application of the principles of law depends upon plaintiff's allegations and the proof in support thereof.

■ Plaintiff's claim is based upon his assertion that the defendants wrongfully converted certain enumerated oil field equipment and is based upon an additional claim for the usable rental value of certain oil field equipment while in the wrongful possession of the defendants. The trial court sustained defendants' demurrer to the first asserted claim on the ground that it was barred by the statute of limitations. We think the trial court's disposition of the demurrer was correct.

The trial court did submit to the jury the usable rental value of oil field equipment which plaintiff had repossessed during periods within the statute of limitations, and upon that class of equipment submitted the case to the jury which returned a verdict for the plaintiff in the sum of $635.80. Plaintiff here challenges this disposition of the case upon the assertion that when he submitted proof that the enumerated equipment was the property of the plaintiff, and that when it was found in defendants' possession, he made out a prima facie case which should have gone to the jury for its decision. The contention is not tenable for the enumerated equipment did not come into defendants' possession as a bailment under the contract. An examination of plaintiff's petition discloses that he did not base his action upon a contract of bailment, but pitched it upon the wrongful appropriation or conversion of the equipment. The applicable principles of law are clearly distinguished in our decision in Traders Com-

press Co. v. Precure, 107 Okl. 191, 231 P. 516. The same result was reached in a reconsideration of that case reported in 140 Okl. 40, 282 P. 165, 71 A.L.R. 759. The ruling of the trial court must be sustained for the reason that plaintiff's own testimony conclusively shows that his claim upon the enumerated equipment disposed of by the demurrer is barred by the statute of limitations.

Plaintiff testified that he delivered to Mr. Thornton, one of the partners of the Prague Drilling Company, the equipment listed in the contract of June 16, 1943, but that he did not deliver any of the other equipment upon which he seeks to recover. His testimony discloses that from time to time during the spring and summer of 1944, he found various articles of drilling equipment in the possession of the defendants, or in the possession of third persons whom he presumed had obtained the equipment from the defendants.

On January 3, 1944, plaintiff wrote Mr. Thornton of the Prague Drilling Company requesting a settlement of his account. On several occasions in the summer of 1944, Mr. Thornton, one of the partners, stated that the account would be paid but he would have to take the matter up with his associate partners. Again, on September 5, 1944, plaintiff wrote a letter to the defendants acknowledging the return of a portion of the drilling equipment, but complained of the damaged condition. Plaintiff, realizing that his own proof disclosed that the statute of limitations had barred a portion of his action, offered to make proof that the delay in filing his suit was occasioned by defendants' frequent promise to try and settle the claim. In support of that contention he cites the following cases: Liberty Nat. Bank of Weatherford v. Lewis, 172 Okl. 103, 44 P.2d 127; Douglass v. Douglass, 199 Okl. 519, 188 P.2d 221 and Foster v. Wilkinson, Adm'x, 96 Okl. 110, 220 P. 325.

In the first cited case we find the decision is based upon the wrongful concealment of a material fact which induced the delay in filing the action. In the second cited case the limitations statute was not sustained because plaintiffs pleaded, and their proof established, that the father delayed in bring-

ing the suit by reason of his son's promise to execute a mortgage to secure the purchase price of land sold by the father to the son. The rule was there invoked upon the theory of estoppel. In the third case the statute of limitations was not enforced because this court held that the surviving partner held the property as trustee for liquidation and that he at no time had repudiated the trust.

In the case at bar it is neither alleged, nor is there proof, that defendants made any false or fraudulent representations, or were guilty of any concealment, or that defendants held the property in trust. To the contrary, it is alleged and proven that defendants obtained the equipment from plaintiff's lease without his knowledge or consent, and as plaintiff pleaded, wrongfully appropriated the same. These facts were known to plaintiff as early as January 4, 1944 (Exhibit 3) therefore, his cause of action is barred by the statute. The evidence reasonably supports the verdict rendered and the judgment therein is approved.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD and WILLIAMS, JJ., concur.