William J. JOHNSON, Appellant,

v.

Sheriff Darrell SCOTT, Appellee.

No. 62672.

Supreme Court of Oklahoma.

June 25, 1985.

William J. Johnson, pro se.

Michael C. Turpen, Atty. Gen. by Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

HODGES, Justice.

William J. Johnson (appellant) asks this Court to reverse an Order of the District Court of Cherokee County dismissing his small claims action and to allow appellant to plead his cause of action before the courts to regain his personal property.

Chronologically, appellant, a prisoner, was taken from the Oklahoma State Penitentiary (OSP) to the Tulsa County Jail for an evidentiary hearing on a motion to withdraw a plea of guilty in a criminal case. The evidentiary hearing was continued and the prisoner was held over in Tulsa to await the new hearing date. Appellant's trial date apparently came up in Cherokee County and appellant was transferred from the Tulsa County Jail to the Cherokee County Jail. Appellant was unaware when he left OSP that he would be required to appear in court. Therefore, he did not request any street clothes when he left OSP for the purpose of attending his trial. Appellant refused to take the witness stand in his prison clothes. A lawyer in the courtroom loaned appellant a suit for the trial.

Upon appellant's request, the Under-Sheriff of the Cherokee County Jail directed the Trusty to use part of appellant's money to purchase clothes for appellant for further court appearances. The Trusty purchased three pairs of Levis, two sweat shirts, one pair of slippers and underwear, totaling $111.00. The Trusty gave receipts for such purchases to appellant. Thereafter, appellant brought the above clothing with him when he was transferred several times between the Cherokee County Jail and the Tulsa County Jail for various hearings and trial dates. Usually he was allowed to keep all of his property in plastic garbage sacks in his cell.

After another court appearance in Cherokee County, appellant was transferred back to Tulsa. On this trip he was required to leave his personal property with the jail office. When appellant signed out of the Cherokee County Jail, his money but not his clothing was returned to him. Appellant asked the officer transporting him for

his clothing but was told that it was already in the car. When appellant arrived at the Tulsa County Jail he discovered that the clothing in question was not transported with him. Appellant expressed concern regarding his missing clothing to the officer and was told that it would be brought by a highway patrolman or deputy later. The clothing was never returned to him.

Appellant and his attorney then wrote separate letters to Darrell Scott, the Sheriff of Cherokee County (appellee), requesting the return of appellant's clothing. Neither appellant nor his attorney received any response to such requests.

Appellant was allowed to file the action informa pauperis. A small claims action was filed pro se against appellee to regain possession of his personal property. He also filed a writ of habeas corpus ad testificandum requesting the district court to require the Warden of OSP to bring appellant before the court for the hearing of his small claims action.

The trial was set for June 6, 1984, but was dismissed by the trial court for failure of appellant to appear. Appellant argues that he has been denied access to the courts and due process under the laws of the State of Oklahoma and the United States.

The dispositive issue on appeal is whether the district court's dismissal of appellant's small claims action was violative of appellant's constitutional rights of due process and access to the courts when he was imprisoned at the time of the hearing and not allowed to appear to present his claim.

Article 2, Section 6 of the Constitution of the State of Oklahoma provides in pertinent part:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation ..."

Accordingly, appellant is guaranteed the right to remedy the alleged loss of his personal property in a court of law. Section 6 further provides that justice shall be administered without "denial, delay, or prejudice." By dismissing appellant's claim, the district court in effect denied the only relief remaining for appellant to remedy his alleged loss.

The United States Supreme Court held that a prison inmate has a constitutional right of access to the courts to assert rights available to him under federal and state law under the due process clause in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). See also, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ Article 2, Section 7 of the Oklahoma Constitution incorporates the principle of access to the courts in its meaning of due process. This Court has decided on numerous occasions that notice and an opportunity to be heard are two essentials of due process of law. *Jackson v. Independent School District No. 16 of Payne County*, 648 P.2d 26 (1982); *State v. Mauldin*, 602 P.2d 644 (1979); *Greco v. Foster*, 268 P.2d 215 (1954). Due process is violated by the exercise of judicial power upon an action not reasonably calculated to apprise interested parties of pendency of the action, and it logically follows that due process is violated by the exercise of judicial power upon an action where a party is not given a reasonable opportunity to be heard.

■ The procedure for filing a small claims action is set out in 12 O.S.1981 § 1761. While the intended purpose of § 1761 is to establish an informal court procedure with its sole object being to dispense "speedy justice between the parties," the Legislature did not intend to dispense with basic due process of law and particularly the right of appellant to present his claim. *Graves v. Walters*, 534 P.2d 702, 704 (Okla.Ct.App.1975). Section 1761 grants a party the right to present evidence and witnesses before a court. A judge under the small claims procedure has wide discretion to call witnesses and order the production of documents as he may deem appropriate.

 While appellant could not be deposed under the literal reading of 12 O.S. 1981 § 1760, prohibition against taking of depositions under the facts of this case would violate his constitutional right of access to the courts. As previously noted, the Legislature's intent in fashioning the small claims procedure was to facilitate the access of parties to simple, inexpensive and speedy justice. "The judge in a small claims action has enormous discretionary power to render fair, impartial and speedy justice." *Black v. Littleton*, 532 P.2d 486, 487 (Okla.Ct.App.1975). The apparent intent of the Legislature in prohibiting pretrial discovery devices such as depositions was to streamline the small claims procedure to accomplish the sole objective of speedy justice. Under the unique circumstances presented herein, justice could not be obtained speedily unless appellant was either deposed or ordered to testify. Inasmuch as appellant was unable to testify because he was imprisoned, we conclude that the judge had discretion to depose appellant under the provisions of 12 O.S. Supp.1982 §§ 3204 and 3209 and 12 O.S. 1981 § 397. The judge could have ordered appellant's testimony be taken by deposition upon written questions under 12 O.S. Supp.1982 § 3208(A), by deposition taken by telephone under 12 O.S.Supp.1982 § 3207(C)(7), or that a deposition upon oral examination be recorded by other than stenographic means under 12 O.S.Supp. 1982 § 3207(C)(4). Hence, he abused such discretion and by so doing violated appellant's constitutional right of access to the courts.

 In summary, 12 O.S.1981 § 1761 states the purpose of the Small Claims Procedure Act is the disposition of speedy justice. Speedy justice could only be accomplished in this case by either ordering appellant into court to present his claim or by allowing appellant's deposition either upon written questions, by telephone or upon oral examination recorded by other than stenographic means to be used to present his claim in lieu of his in court testimony. In keeping with this Court's longstanding policy to "open the doors of the courts of justice to every person without distinction or discrimination for the redress of wrongs and the reparation for injuries," *Fiedeer v. Fiedeer*, 42 Okla. 124, 140 P. 1022, 1024 (1914), the district court order dismissing the small claims action is reversed and the district court is directed to either order appellant to present his small claims action in person or, if he is unable to do so due to his imprisonment, he should be allowed to present the claim through use of his deposition.

We REVERSE the order dismissing this case and REMAND the same to the district court for further proceedings not inconsistent with this opinion.

DOOLIN, V.C.J., and LAVENDER, OPALA, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., concurs in judgment.

HARGRAVE and WILSON, JJ., concur in part, dissent in part.