**Charles Curtis HARRIS, Petitioner,**

v.

**STATE of Oklahoma, ex rel., Robert H. MACY, District Attorney for the Seventh Prosecutorial District, Respondent.**

No. 76254.

Supreme Court of Oklahoma.

Jan. 21, 1992.

### ORDER

 Petitioner's petition for rehearing is granted. The record before this Court shows that the petitioner's motion to reopen in the District Court of Oklahoma County No. CJ–87–3308 was filed upon payment of the filing fees and set for hearing on April 13, 1990. The record shows that the motion was stricken due to the pro se

──────────

prisoner's non-appearance at the hearing. A district court may not dismiss a case because of a prisoner's non-appearance at a hearing to adjudicate the matter. *Johnson v. Scott,* 702 P.2d 56 (Okl.1985). Similarly, a district court may not decline to hear and adjudicate a prisoner's civil suit due to the prisoner's non-appearance at a court hearing. Generally, a writ of mandamus may be used to compel an officer to exercise discretion when the officer has declined to act. *In the Matter of B.C.,* 749 P.2d 542 (Okl.1988); *State ex rel. Blackhawk v. District Court of Osage County,* 190 Okl. 659, 126 P.2d 255, 257 (1942).

■ The Court hereby issues a writ of mandamus to the Honorable Thomas Smith, or the district judge currently assigned in No. CJ–87–3308, for the *sole* purpose of requiring the assigned judge to adjudicate the petitioner's motion to reopen filed in CJ–87–3308. The assigned judge shall, upon notice to the parties, exercise judicial discretion and determine the legal sufficiency of the petitioner's motion to reopen filed in No. CJ–87–3308. The merits or legal sufficiency of the motion to reopen is *not* before this Court in this original action, and the writ of mandamus issued herein does not determine that issue.

All Justices concur.