2001 OK 99

Steve KORDIS, Plaintiff/Appellant,

v.

Lawrence KORDIS, Bertha Kordis, Lance Kordis and Tawnya Kordis, Defendants/Appellees.

No. 92,680.

Supreme Court of Oklahoma.

Nov. 13, 2001.

Steve Kordis, Hominy, Oklahoma, plaintiff/appellant pro se.

Kevin Krahl, Hornbeek, Krahl & Vitali, Oklahoma City, Oklahoma, for appellees/defendants.

BOUDREAU, J.

¶ 1 Steve Kordis, Plaintiff/Appellant/inmate, filed suit while in the custody of the department of corrections against Lawrence Kordis, Bertha Kordis, Lance Kordis and Tawnya Kordis, Defendants/Appellees, on October 7, 1997, alleging the Defendants trespassed upon his real property and wrongfully took his personal property.[1] Plaintiff sought restitution of his personal property or its value. In response, Defendants filed a Motion to Dismiss on October 27, 1997 in which they asserted that Plaintiff failed to state a claim upon which relief could be granted, because the two year statute of limitations had expired on his claims. The Defendants attached affidavits to the Motion to Dismiss in which each Defendant swore they had not entered Plaintiff's real property or taken any of Plaintiff's personal property at any time in the two years prior to the filing of Plaintiff's suit. Plaintiff filed a Response stating that he did not discover the alleged trespass and conversion until April 1996 and asserting that the statute of limitations was tolled until that date as a result. He also claimed the savings statute tolled the imposition of the statute of limitations because he had filed a counterclaim in a related action earlier brought by Lawrence and Bertha Kordis.

¶ 2 The trial court set a September 25, 1998 hearing date on Defendants' Motion to Dismiss. On September 23, 1998, Plaintiff filed a Petition for Writ of Habeas Corpus Ad Testificandum, in which he requested the trial court permit him to appear at the hearing, at his own cost, pursuant to 12 O.S.Supp. 1993 § 397(C).[2] The trial court granted Plaintiff's writ and issued an Order of Delivery to the department of corrections to bring Plaintiff from the facility in which he was housed to the county courthouse for the scheduled hearing. The court changed the hearing to October 2, 1998. The sheriff subsequently transported Plaintiff to the Oklahoma County jail facility in time to attend the hearing on October 2nd. Although Plaintiff spent two weeks in the county jail, from September 29 to October 13, 1998, he did not attend the scheduled hearing nor did he come before the trial court for any matters relating to his case. The sheriff's office returned Plaintiff to his department of corrections facility on October 13th.

¶ 3 On October 9, 1998, a week after the hearing, the trial court signed an order granting Defendants' Motion to Dismiss reciting that the matter had come before the court on October 2, 1998. Because matters outside the pleadings were used to support the Motion to Dismiss, the order of

---

1. The case style in Plaintiff's filings for this case, CJ–97–7162, as well as the opinion of the Court of Civil Appeals contain only Lawrence and Bertha Kordis as the listed Defendants. However, Defendants' filings and the order appealed from, Order Denying Plaintiff's Motion to Vacate, contain additional listed Defendants, Lance and Tawnya Kordis. Due to the discrepancy, we will follow Supreme Court Rule 1.25(b), which provides that the style heading used in the appealed from order shall be the one used for purposes of appeal. Oklahoma Supreme Court Rules 12 O.S.Supp.2000, Ch. 15, App.

2. 12 O.S.Supp.1993 § 397(B) & (C). Prisoner as witness or complaining or defending party—Release for examination—Writ of habeas corpus
   B. A prisoner confined in any prison or jail in this state who is the complaining party or defending party in a civil action brought pursuant to this title may apply for a Writ of Habeas Corpus for the purpose of appearing

before the court. If the court issues such writ, it shall be issued to the custodian of the prisoner and shall order the prisoner to be delivered to the court the prisoner has named in the writ.
   C. If upon application by the prisoner or the prisoner's attorney the court issues a Writ of Habeas Corpus as provided in subsection B of this section, it shall order the person applying for such writ or other appropriate party to pay to the custodian executing the writ all costs of transporting the prisoner to and from the court. The writ shall serve as a judgment against the prisoner and may be enforced by the detaining governmental unit without further order of any court for a period of five (5) years after the date of the writ. The custodian executing the release shall notify the prisoner and the court, at the time of delivery, of the costs of transportation.

October 9th actually granted the Defendants a judgment pursuant to Rule 13.[3] The judgment made no mention of Plaintiff's absence from the proceeding.

¶ 4 Plaintiff filed a Motion to Vacate the October 9, 1998 judgment on November 2, 1998, complaining that the court conducted the scheduled hearing without him, despite the fact there was a standing order to deliver him to the hearing and he was available in the county jail. The Defendants filed a response to the Motion to Vacate asserting that no grounds existed to vacate the judgment, that Plaintiff was not entitled to attend the hearing, nor was he prejudiced. The Response acknowledges that the trial court conducted a hearing on October 2, 1998 at which Defendants were represented by counsel.

¶ 5 The trial court denied Plaintiff's Motion to Vacate the October 9th judgment without conducting a hearing, after which Plaintiff appealed to this Court. The Court of Civil Appeals found that the trial court did not abuse its discretion in failing to vacate the judgment. This Court then granted certiorari to examine whether the trial court abused its discretion in refusing to vacate the judgment in light of the manner in which the trial court conducted its proceedings before entering judgment.

3. With regard to the trial court's underlying dismissal of the case, it appears the trial court erred in its analysis of the statute of limitations. In actions for conversion or theft, the discovery rule, which tolls the statute of limitations, applies. *See In re 1973 John Deere 4030 Tractor,* 1991 OK 79, 816 P.2d 1126; *Murray v. Teape,* 1953 OK 191, 260 P.2d 727. The discovery rule permits the limitations in tort cases to be tolled until the injured party knows, or in the exercise of due diligence, should have known of the injury. In the present case, Plaintiff asserted he did not discover the alleged theft until April 1996, which was less than two years from the filing of his Petition in October 1997. As a result, Plaintiff raised in his Response to the Defendants' Motion to Dismiss a genuine issue of material fact with regard to when the statute of limitations began to run. This fact issue should have precluded the October 9, 1998 order, which in effect granted Defendants summary judgment. *See* 12 O.S.1991 § 2012(b)(6); *See also Shaffer v. Jeffery,* 1996 OK 47, 915 P.2d 910, 913 (When matters outside the pleadings are used in support of a motion to dismiss, it is treated as a motion for summary judgment.).

## I. *Standard of Review*

■ ¶ 6 Because Plaintiff did not file his Motion to Vacate within ten days after the filing of the dismissal, the post-judgment motion did not extend his time to appeal. 12 O.S.Supp.1997 § 990.2. Consequently, the order granting summary judgment is beyond our reviewing cognizance. However, an order disposing of a term-time motion to vacate, filed under 12 O.S.1991 § 1031.1, is a separately appealable, post-judgment event. The correct standard of review employed upon a motion to vacate is whether sound discretion was exercised to vacate the earlier decision. *See Schepp v. Hess,* 1989 OK 23, 770 P.2d 34. The reviewing court does not look to the original judgment, but rather the correctness of the trial court's response to the motion to vacate. *Yery v. Yery,* 1981 OK 46, 629 P.2d 357; *Schepp,* 770 P.2d at 42. As a result, we apply the abuse of discretion standard.

## II. *Discussion*

■ ¶ 7 An inmate has a due process right to reasonable access to the courts. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (disapproved on other grounds in *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 with regard to inmate access to law libraries and trained legal personnel); *see also Johnson v. Scott,* 1985 OK 50, 702 P.2d 56, 58.[4] However, an

4. Oklahoma has enacted a statute which suspends the civil rights of one sentenced to imprisonment under the department of corrections. 21 O.S.1991 § 65. To construe this statute as depriving the inmate of his capacity to sue to enforce property rights which vested before his incarceration would pose serious constitutional concerns. Such a construction would be equivalent to treating imprisonment as operating to divest the inmate of his property or working a forfeiture of his property and would violate the due process requirements of the federal and state constitutions and the access to the courts provision of the state constitution. U.S. Const. amend. XIV; Okla. Const. art. 2, §§ 6 & 7. It would also violate 21 O.S.1991 § 68, which provides that "[n]o conviction of any person for crime works any forfeiture of any property, except in the cases of any outlawry for treason, and other cases in which forfeiture is expressly imposed by law." *See also Johnson v. Scott,* 702 P.2d 56 (Okla.1985) (Supreme Court held that dismissal of an incarcerated inmate's claim for failure to appear, where inmate sought to regain possession of certain personal property left at the

inmate has no absolute right to appear personally at a civil trial to which the inmate is a party. *See Harmon v. Harmon*, 1997 OK 91, 943 P.2d 599 (this Court determined incarcerated spouse was entitled to meaningful mode of participation in his divorce and custody proceeding, but that did not mean he had to be afforded the opportunity to appear in person); *Johnson v. Scott*, 702 P.2d 56 (small claims court could not exclude inmate from proceedings, but other accommodations short of physical presence permissible). The decision as to whether an inmate may appear personally at a civil trial is one within the discretion of the court.[5]

¶ 8 In making the decision, the court is required to balance the rights of the inmate in prosecuting or defending a civil case versus the state's relevant interest in maintaining the incarceration of the inmate. *Strube v. Strube*, 158 Ariz. 602, 764 P.2d 731 (1988); *Stone v. Morris*, 546 F.2d 730 (7th Cir.(Ill.) 1976); *Hall, v. Hall*, 128 Mich.App. 757, 341 N.W.2d 206 (1983). Among the factors the court may consider in striking this balance are: a) importance of inmate's testimony; b) expense of obtaining the witness; c) integrity of the corrections system; d) security conditions; e) interest of the prisoner in presenting testimony in person; f) the presence of viable and effective alternatives and g) whether the presence of the inmate will substantially further resolution of the case. *See In re Colburn*, 30 Ohio St.3d 141, 507 N.E.2d 1138 (1987).

¶ 9 In the present case, Plaintiff/inmate filed a Writ Ad Testificandum requesting the opportunity to appear before the court at a hearing on Defendants' Motion to Dismiss. The trial court responded to the inmate's writ by issuing an Order of Delivery directing the sheriff to bring Plaintiff from his department of corrections facility to the county jail. The Order of Delivery was a mid-stream interlocutory order that did not meet the definition of a final order, 12 O.S. 1991 § 953, or fall in a category of interlocutory orders appealable by right, 12 O.S.1991 §§ 952(b)(2) & 993. Accordingly, the order was subject to revision or modification by the trial court at any time prior to judgment.[6] The trial court below apparently revisited its decision to allow the inmate to attend the hearing on Defendants' Motion to Dismiss.

¶ 10 However, like any other civil litigant, an inmate is entitled to notice from the court of changes or revisions in the scheduled procedure relating to his case. The trial court failed Plaintiff/inmate in this regard. Despite the fact that Plaintiff/inmate secured an Order of Delivery from the court allowing him to attend the October 2, 1998 hearing on the Motion to Dismiss, the court conducted the hearing in his absence and without providing him any notice that it had reconsidered its previous ruling on the Order of Delivery. The court failed to provide notice even though the Plaintiff/inmate was only blocks away in the county jail. The Plaintiff/inmate did not learn that the court had reconsidered its previous order until he received an order from the court rendering judgment against him in favor of Defendants.

¶ 11 When a court fails to communicate with opposing litigants in an evenhanded fashion, it negatively reflects upon the appearance of justice in our court system. This Court has recognized that the "[t]he appearance of justice is often as important as the proper administration of justice." *Knell v. Burnes*, 1982 OK 35, 645 P.2d 471, 474. The manner in which the trial court revisited its previous Order of Delivery without any no-

---

county jail, violated inmate's right to due process and access to the courts.)

**5.** See 12 O.S.Supp.1993 § 397(B) & (C); The language of the 12 O.S. § 397(B), "[i]f the court issues such writ", is permissive and not compulsory with regard to its directive to the trial court. See also *Poole v. Lambert*, 819 F.2d 1025 (11th Cir.1987) (A party, including a pro se prisoner, does not have an absolute right to the issuance of a writ of habeas corpus ad testificandum. This is a matter in the court's discretion. In the context of a trial, the district court charged with con-

ducting a civil trial which involves an inmate as a party should fully inform the inmate as to the exact manner in which trial will be conducted and carefully instruct him as to how he may present his evidence and testimony to the court).

**6.** *Reams v. Tulsa Cable Television, Inc.*, 1979 OK 171, 604 P.2d 373. In *Reams* this Court held that even an interlocutory summary adjudication may be modified by the trial court at any time prior to entry of final judgment in the case.

tice to the Plaintiff lacks an appearance of fairness. The trial court abused its discretion when it failed to vacate the October 9th judgment.

¶ 12 In a Georgia Supreme Court case somewhat analogous to the present one, a husband involved in divorce proceedings was given express assurance by the court at a temporary hearing that he would receive notice of the final hearing on the divorce petition. Shortly thereafter, the wife obtained a judgment from a second judge who was not informed of the previous judge's assurances that husband would receive notice of the final hearing. The Georgia Supreme Court held that under the circumstances of husband's case, he was entitled to notice of the final hearing; and the trial court erred in not setting aside the judgment. *Anderson v. Anderson*, 264 Ga. 88, 441 S.E.2d 240, 241 (1994).

¶ 13 In support of the order of the trial court's refusal to vacate the judgment, Defendants argue that Rule 4(h) of the Rules for the District Courts does not afford the inmate the right to a hearing. Rules for District Courts of Oklahoma, 12 O.S.Supp. 2000, Ch. 2, App. 1. We first observe that the right to a hearing on a motion for summary judgment is governed by Rule 13 [7] and not Rule 4(h). *See Davis v. GHS Health Maintenance Org. Inc.*, 2001 OK 3, 22 P.3d 1204 (more specific statutory provision controls over the general); *Oklahoma City Urban Renewal Auth. v. Medical Technology & Research Auth. of Oklahoma*, 2000 OK 23, 4 P.3d 677; *Hall v. Globe Life and Accident Ins. Co. Of Oklahoma*, 1999 OK 89, 998 P.2d 603. While Rule 13 does not require the trial court to conduct the hearing, the court below nevertheless did conduct a hearing on October 2nd, which it memorialized in a judgment dated October 9th. The fact that Rule 13 did not require the court to conduct a hearing in the first instance does not justify the manner in which the court handled the matter once the court set the hearing and ordered the presence of the inmate.

¶ 14 Defendants also argue that Plaintiff/inmate was not prejudiced by his absence from the October 2nd hearing. We are not convinced by this argument. In his Petition for Writ Ad Testificandum, Plaintiff expressed his desire to appear at the hearing and be heard on the issues. When the trial court failed to notify Plaintiff/inmate that it had reconsidered its previous order allowing him to attend the hearing, it effectively deprived him of an opportunity to request permission from the court to supplement his briefing materials in writing in lieu of attending the hearing.

### III. *Conclusion*

¶ 15 An inmate has no absolute right to appear personally at a civil trial to which the inmate is a party. The decision as to whether an inmate may appear is a discretionary one residing with the trial court, which is required to balance the rights of the inmate in prosecuting or defending the case versus the state's relevant interest in maintaining the incarceration of the inmate. However, after issuing the Order of Delivery, the trial court below should have notified the inmate prior to judgment that it had reconsidered its previous order allowing him to attend the October 2nd hearing. The trial court abused its discretion when it denied Plaintiff's Motion to Vacate the October 9th judgment.

¶ 16 CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.

¶ 17 ALL JUSTICES CONCUR.

7. See supra, note 3.