2006 OK CIV APP 46

**Larry and Susan JAMES, Plaintiffs/Appellees,**

v.

**Mike ZACHRITZ, Todd Zachritz and Lifestyle Pools, Inc., Defendants/Appellants.**

No. 102,713.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 8, 2006.

---

John C. Kmetz, Byers & Associates, Oklahoma City, OK, for Plaintiffs/Appellees.

Thomas A. Paruolo, Whitten, Nelson, McGuire, Terry & Roselius, Oklahoma City, OK, for Defendants/Appellants.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 Defendants/Appellants, Mike Zachritz, Todd Zachritz, and Lifestyle Pools, Inc. (collectively Contractor), seek review of the trial court's order denying their motions to stay the proceedings pending arbitration, refer the matter to arbitration, and transfer the small claims litigation to district court. We affirm because the parties' arbitration agreement included a provision allowing small claims litigation, and Contractor did not timely seek mandatory or discretionary transfer to another docket.

¶ 2 Plaintiffs/Appellees, Larry James and Susan James (collectively Homeowners), hired Contractor to build a swimming pool and outdoor summer kitchen at their home. The contract provided, "THIS AGREEMENT IS SUBJECT TO ARBITRATION UNDER THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION."

¶ 3 Homeowners brought a small claims action against Contractor, alleging damages of $6,000.00 from Contractor's failure to install correct pool equipment and complete the pool. The matter was set for hearing on June 6, 2005. On that day, Contractor filed a motion seeking to stay the proceedings and refer the matter to arbitration, an answer denying liability, and a cross-petition seeking $6,000.00 in damages for breach of contract. According to the parties' briefs, the trial court initially granted the motion to refer the matter to arbitration, but on reconsideration denied the motion and set the case for trial. On October 4, 2005, Contractor filed an application to transfer the proceedings to district court. On November 10, 2005, the trial court entered its order denying the stay, referral to arbitration, and transfer to district court. Contractor appeals.

¶ 4 Contractor contends the arbitration provision in its contract is valid and enforceable, and the small claims court lacks jurisdiction over the matter because Contractor's counterclaims exceed its jurisdictional limit. In response, Homeowners agree the arbitration provision is valid and enforceable, but argue its terms incorporate by reference the commercial arbitration rules of the American Arbitration Association (AAA), which provide in Section R–1, "Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business." They argue Contractor failed to file its counterclaim in time to seek either mandatory or discretionary transfer to another docket.

¶ 5 Arbitration is favored in Oklahoma. *Rollings v. Thermodyne Industries, Inc.*, 1996 OK 6, 910 P.2d 1030, 1033. Both arbitration and small claims procedures are intended to provide speedy and inexpensive alternatives to protracted litigation. *See PaineWebber Inc. v. Farnam*, 843 F.2d 1050, 1052 (7th Cir.1988), and *Johnson v. Scott*, 1985 OK 50, 702 P.2d 56, 59. Therefore, the provision of the AAA allowing small claims in consumer cases is consistent with public policy favoring arbitration, and we find no reason to interfere with the parties' agreement to apply the AAA rules. Pursuant to those rules, Homeowners may seek relief in small claims court even if Contractor files an arbitration action.

¶ 6 The Small Claims Procedure Act, 12 O.S.Supp.2004 § 1751 et seq., provides an abbreviated procedure for litigating claims not exceeding $6,000.00. § 1751(A)(1). The plaintiff initiates the case by filing an affidavit on a form provided by the court clerk. § 1753. The form includes an order on which the court clerk sets the date for appearance of the defendant. § 1756. The defendant may state a counterclaim or setoff by filing a verified answer "not later than seventy-two (72) hours prior to the hour set for the first appearance of said defendant in such action." § 1758. At the time Homeowners filed their petition in this case, the Act pro-

vided for mandatory transfer of the action to another docket of the district court if the defendant filed a timely counterclaim exceeding $4,500.00. 12 O.S.2001 § 1759(A). The Legislature has since raised the limit for counterclaims to $6,000.00. Laws 2005, c. 122, § 1, eff. Nov. 1, 2005. If the defendant does not file the counterclaim more than 72 hours before the time set for first appearance, transfer is discretionary. § 1759(C) and § 1757. A motion for discretionary transfer must be filed at least 48 hours prior to the time set for the defendant to appear or answer. § 1757(A).

¶ 7 In *Eskridge v. Ladd*, 1991 OK 3, 811 P.2d 587, the plaintiff filed a small claims action for damages arising from a car accident. The defendant filed a motion to transfer and a counterclaim for $100,000.00 more than 48 hours but less than 72 hours before hearing. The trial court initially denied the motion to transfer because the counterclaim was untimely, but on reconsideration, ruled it lost jurisdiction when the counterclaim exceeded the jurisdictional amount a special judge could consider. The Oklahoma Supreme Court reversed, holding mandatory transfer was not required because the counterclaim was not timely filed, and remanded for consideration of discretionary transfer, stating, "Insofar as the small claims judge determined that he was without jurisdiction, we must disagree. Clearly, the special judge had the power to make an initial determination of the timeliness of the counterclaim, along with the authority to consider the transfer." *Id.* at 589. In a concurring opinion, Justice Opala pointed out that the small claims docket is a docket of the district court, stating, "The character of the recovery limit for small claims is clearly *procedural, not jurisdictional.*" *Id.* at 592 n. 6.

¶ 8 In the present case, Contractor did not file its counterclaim and motion to transfer until the day set for its first appearance. Therefore, it did not timely seek either mandatory or discretionary transfer. The small claims court, being a procedural docket of the district court, has·jurisdiction to hear Contractor's counterclaim. The statute limiting the jurisdictional amount of matters that may be heard by a special judge, 20 O.S.2001 § 123, is not implicated by the facts in this case.

¶ 9 For the foregoing reasons, the order of the trial court is AFFIRMED.

BELL, P.J., and JOPLIN, J., concur.