2014 OK 24

**Stacey L. HEMPHILL, Petitioner,**

v.

**Honorable Preston HARBUCK, Associate District Judge and/or Atoka County District Court, Respondent.**

**No. 111,984.**

Supreme Court of Oklahoma.

April 3, 2014.

---

72. This Court may set the time for a party to file a petition for rehearing. *Fent v. Henry,* 2011 OK 10, ¶ 23, 257 P.3d 984, 995.

### ORDER ASSUMING ORIGINAL JURISDICTION FROM THE DISTRICT COURT OF ATOKA COUNTY

¶ 1 The petitioner, Stacey Hemphill (Hemphill) is an inmate in the custody of the Oklahoma Department of Corrections.[1] On May 11, 2012, while incarcerated in Atoka County, he filed a petition in the District Court of Atoka County to change his name to "Apokalypse God Allah."[2] On June 25, 2012, the trial court stayed the proceedings, pending notice to the Oklahoma State Bureau of Investigation and the resolution of a pending action Hemphill had filed in Federal Court.[3] Even though the Federal action was not disposed of until February 11, 2013, the trial court denied the name change on July 26, 2012.[4]

¶ 2 Beginning in September of 2012, Hemphill continually attempted to keep the matter alive and the trial court continually attempted to end it.[5] At some point, on or about November 21, 2012, Hemphill was transferred to the James Crabtree Correctional Center in Alfalfa County, Oklahoma. On November 27, 2012, at a scheduled hearing on the matter, the trial court attempted to transfer the matter to Alfalfa County.[6] The trial court explained in a response on filed in this Court on July 31, 2013, that the cause was never transferred because Hemphill never sought a transfer.

¶ 3 On July 16, 2013, Hemphill filed a Petition for Writ of Mandamus and Application to Assume Original Jurisdiction with this Court. On September 30, 2013, we directed the respondent district court to hear and determine Hemphill's claim for relief. The order clearly stated that: "*Johnson v. Scott,* 1985 OK 50, ¶ 13, 702 P.2d 56, 59 allows for testimony offered by telephone."

¶ 4 The respondent district court set the hearing for October 22, 2013.[7] On December 4, 2013, the petitioner again requested that we assume original jurisdiction and issue a writ of mandamus/prohibition to the trial court. On December 12, 2013, the judge entered an order again denying the change of name. He found that: 1) Hemphill's notice of the proceedings was deficient; and 2) Hemphill failed to appear as directed by the Court. The order states in pertinent part:

---

1. Website of the Oklahoma Department of Corrections.

2. Apparently, this was his second attempt at a name change. His first request for a change of name was dismissed in 2009. Docket of the District Court of Atoka County, Case Number CV 2009–0051.

3. Docket of the District Court of Atoka County, Case Number CV–2012–00025, states:
   PETITIONER'S NOTICE TO THE COURT IN RE OF COURT MINUTE ISSUED BY JUDGE: HON. PRESTON HARBUCK, DIRECTING PETITIONER TO PROVIDE NOTICE OF PROCEEDINGS TO THE O.S.B.I. INCLUDING PROCEEDINGS STAYED UNTIL PROPER NOTICE IS GIVEN AND FEDERAL COURT APPEAL IS COMPLETE.

4. *Hemphill v. Jones, et al.,* CV 011–92, United States District Court for the Western District of Oklahoma.

5. *Collier v. Reese,* 2009 OK 86, ¶ 8, 223 P.3d 966, 970 (The Oklahoma Supreme Court takes judicial notice of the dockets of appellate and district courts.)

6. Docket of the District Court of Atoka County, Case Number CV–2012–00025 states:
   November 27, 2012, COURT MINUTE–CASES ORDERED TRANSFERRED TO ALFALFA CO. On July 31, 2013, the trial court explained in a response to this Court that the minute order contained a scriveners error and should have stated that the case would be transferred if requested by Hemphill and if accepted by Alfalfa County.

7. A copy of the order of the respondent district court entered on October 7, 2013 is not contained in the record. Reference is made in the order of December 12, 2013 to the directions given to Hemphill by the court in this order.

[P]ursuant to *Johnson v. Scott,* 1985 OK 50, 702 P.2d 56, pursuant to the policy of the 25th Judicial District, and pursuant to 12 § 1634, after being notified that 'sworn testimony' was expected to be given in person, unless ordered and/or allowed by this Court.

¶ 5 The trial court did not provide this Court with a written copy of the policy of the Twenty–Fifth Judicial District referred to in the order. Nor have the District Court Rules for that District, the Twenty–Fifth Judicial District, been provided to the Administrative Office of the Courts and are thus not available online on the Oklahoma Supreme Court Network (OSCN). Pursuant to 20 O.S.2011 § 91.8, local court rules must be in writing and must be published by the Oklahoma Supreme Court Network to be valid and enforceable.[8] Because this has not been done, any local rules for the Twenty–Fifth Judicial District are invalid and unenforceable.

¶ 6 On January 14, 2014, Hemphill also filed an appeal with this Court of the trial court's final order of December 12, 2013, denying his name change. This case, No. 112,480, has not yet had briefing due or a completed record filed. The record in this cause does not provide enough information to review the alleged deficiency in notice, if any. Once the record is complete in 112,480, the notice issue may, as the dissent suggests, be resolved in that cause. The primary issue in this cause is the unwillingness of the trial court to allow a prisoner to give sworn testimony without personally appearing.

¶ 7 This matter is a civil case, a comparatively simple action for a change of name.[9] This Court is fully aware of the difficulties faced by the judges of the district courts of this state in dealing with inmates proceeding *pro se* in civil matters. This matter is a textbook example of the difficulties in dealing with an inmate appearing *pro se* in a civil matter. However, prison inmates have a right of access to the courts of Oklahoma civil matters, although they do not have the right to appear personally.[10] The judge and this Court have both cited *Johnson v. Scott,* 1985 OK 50, ¶¶ 9–11, 702 P.2d 56, in the course of this matter. A full reading of the applicable language in that case is instructive:

> Article 2, Section 6 of the Constitution of the State of Oklahoma provides in pertinent part: "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation...."
>
> Inasmuch as appellant was unable to testify because he was imprisoned, we conclude that the judge had discretion to depose appellant under the provisions of 12 O.S.Supp.1982 §§ 3204 and 3209 and 12 O.S.1981 § 397. The judge could have ordered appellant's testimony be taken by deposition upon written questions under 12 O.S.Supp.1982 § 3208(A), by deposition taken by telephone under 12 O.S.Supp. 1982 § 3207(C)(7), or that a deposition upon oral examination be recorded by other than stenographic means under 12 O.S.Supp.1982 § 3207(C)(4). Hence, he abused such discretion and by so doing violated appellant's constitutional right of access to the courts.

¶ 8 We have, in other cases, had to direct the district courts to permit the testimony of incarcerated civil litigants by appropriate arrangements. In *Harmon v. Harmon,* 1997 OK 91, ¶ 13, 943 P.2d 599 we held that the trial court should have made some type of arrangement(s) for husband's participation in his divorce and child custody hearing. In *Harris v. State ex rel. Macy,* 1992 OK 6, 825

**8.** Title 20 O.S.2011 § 91.8 provides:
Local rules and administrative orders of a district court shall not conflict with any statutes of this state or any rules of a superior court. Local rules shall be in writing and published on the Oklahoma Supreme Court Network to be valid and enforceable.

**9.** Title 12 O.S.2011 §§ 1631–1637. Title 12 O.S. 2011 § 1634 provides:

The material allegations of the petition shall be sustained by sworn evidence, and the prayer of the petition shall be granted unless the court or judge finds that the change is sought for an illegal or fraudulent purpose, or that a material allegation in the petition is false.

**10.** *Gaines v. Maynard,* 1991 OK 27, 808 P.2d 672; *Kordis v. Kordis,* 2001 OK 99, 37 P.3d 866.

P.2d 1320 we held that a district court may not refuse to hear an inmate's civil suit for non-appearance at a court hearing. Recently in an unpublished order in *Herd v. Smith,* Case No. 109,668, we ordered the trial court to allow an incarcerated person to give telephonic testimony in his own divorce case.

¶ 9 To be clear, inmate testimony in a civil case by telephone, video conference or other electronic means is used in many jurisdictions to ensure both appropriate inmate access to courts and the timely resolution of cases.[11] The use of alternative methods of inmate testimony is no longer unusual. Such procedures are so commonplace that they must always be considered as alternative methods of testimony in any civil case where an inmate is a litigant. The trial court is hereby directed to permit the petitioner to testify by telephone or other suitable electronic means. This does not mean that the petitioner is entitled to a name change. He is, however, under Oklahoma law, allowed to appear by telephone or other suitable electronic means, rather than in person.

**APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED. APPLICATION FOR WRIT OF MANDAMUS GRANTED.**

**TRIAL COURT DIRECTED TO PERMIT THE PETITIONER TO TESTIFY BY TELEPHONE OR OTHER SUITABLE ELECTRONIC MEANS.**

**DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd DAY OF APRIL, 2014.**

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, GURICH, JJ., concur.

TAYLOR, J., with whom WINCHESTER, J., joins, dissenting:

¶ 1 I respectfully dissent from the Court's expansion of prisoner's rights. The petitioner is a thirteen-time convicted felon serving time in prison. He has a lengthy public criminal history beginning in 1993. He already has aliases of Stacey L. Hamphill, Stacey L. Hemphill, Apokalypse Hemphill, Terrance L. Hemphill, Stacey L. Himphill, Laqua Pollard, and Ra Shabazz. Now he wants the Court to order the district court to allow him to get on the telephone and phone in his testimony which would support a legal name change to **Apokalypse God Allah.** With such a long criminal record and the use of so many aliases, the purpose of the petitioner's name change must be to disassociate himself with his criminal past and to fraudulently deceive the public of his criminal past, rather than for any lawful purpose. Today the Court goes to great lengths to facilitate the petitioner's quest by ignoring our prudential rules, vitiating the due process concept of notice, misapprehending the Oklahoma Constitution and this Court's cases, and usurping the district court's discretion.

¶ 2 A writ of mandamus to require an act's performance will issue when a petitioner has "a clear legal right to the act performed," the act arises from respondent's duty "arising from an office, trust, or station," the act is not discretionary, the respondent has refused to act, "the writ will provide adequate relief," and there is no clear adequate remedy at law. *Kelley v. Kelley,* 2007 OK 100 n. 5, 175 P.3d 400, 403 n. 5.

¶ 3 Here, four of these elements are missing. The petitioner does not have a clear legal right to appear by telephone or electronically; the district court has discretion to determine which method to use to allow the petitioner's statement to be part of the record; the respondent has not refused to allow the petitioner to appear by telephone or electronically but bases the denial of name change on lack of notice; and an appeal is pending which provides an adequate remedy at law. Thus, it is not proper for a writ to issue mandating that the district court allow the prisoner to testify by telephone or other electronic means.

11. For example, *Walbert v. Walbert,* 1997 ND 164, 567 N.W.2d 829, [Denial of an inmate's due process rights of reasonable access to courts to refuse the opportunity to testify at divorce trial by telephone.]; *Webb v. State,* 555 N.W.2d 824 (Iowa 1996), [Offer to inmate to present evidence by telephone afforded fundamental fairness.]; *Gosby v. Third Judicial Circuit, et al.,* 586 So.2d 1056 (Fla.1991), [Trial court cannot make inmate personally appear when seeking a change of name; a hearing by deposition or telephone is acceptable.].

¶ 4 The purpose of this rule is highlighted by the Court's issuing the writ in this case. Here, the Court requires the district court to hold a hearing and allow the prisoner to testify even though there is a dispute over whether notice was properly given. The respondent states that the prisoner has failed to properly give notice and that this is one of the reasons for denying the name change. The prisoner states that he has met all the statutory requirements for ·giving notice. Were the Court to do as it should, which is to deny the writ and issue an opinion in the appeal, the record would be before the Court so that this factual issue could be resolved. Instead, the Court plows ahead to the issue of the petitioner's court appearance, ignoring the issue of notice. If the writ in this case is for the sole purpose of allowing the petitioner to testify by phone or other electronic means, it not only ignores the notice requirement but is premature and needless since the petitioner may never give proper notice or may dismiss the case before doing so. Without having given proper notice, the petitioner has no right to testify as the Court directs.

¶ 5 By ordering that this matter proceed without a factual determination of whether notice was properly given, the Court vitiates the notice requirement in this case; in all other cases seeking a name change; and, possibly, in all civil cases. Simply put, after the Court's decision today, a party may avoid giving notice by running to the Court for a writ ordering the district court to proceed without proper notice. Because notice is a due process requirement under the United States Constitution, the Court opens the door for the United States Supreme Court to review our cases to ensure that minimum due process is protected by this State's courts.

¶ 6 The Court primarily relies on article 2, section VI of the Oklahoma Constitution and *Johnson v. Scott*, 1985 OK 50, 702 P.2d 56, to support its proposition that a prisoner is entitled to appear by phone or other electronic means for a hearing on a name change. These sources do not support the Court's conclusion. Title 12, section 1634 of the Oklahoma Statutes requires only that the material allegations in the petition be sustained by sworn testimony.

¶ 7 Article 2, section VI of the Oklahoma Constitution provides:

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

In a change of name proceeding, there is no wrong or injury which would afford a petitioner the right to access to a court under this constitutional provision. Rather, the right to a name change is a statutory right which can be also restricted by statute. Perhaps the Legislature should consider amending the law to prohibit convicted felons from changing their names.

¶ 8 Neither *Johnson v. Scott*, 1985 OK 50, 702 P.2d 56, nor the other cases cited by the Court support its conclusion. The cause of action in *Johnson* was to regain Johnson's personal property. Further, *Johnson* would have allowed the judge the discretion to accept written testimony rather than dictate the method for getting the sworn evidence before the court. *Harmon v. Harmon*, 1997 OK 91, 943 P.2d 599, was a divorce proceeding in which the prisoner's personal property and rights to child custody, visitation, and support were at issue. Likewise, *Herd v. Smith*, No. 109,668 (Okla. Nov. 28, 2011), was a divorce proceeding. *Harris v. State ex rel. Macy*, 1992 OK 6, 825 P.2d 1320, dealt with a forfeiture of property. These cases, unlike the one here, all involved an injury or wrong for which the Oklahoma Constitution affords redress through the courts.

¶ 9 There are many United States constitutional rights which a person loses upon imprisonment for a felony conviction. The First Amendment right to assemble; the Second Amendment right to bear firearms; the Fourth Amendment right to be free from unreasonable search and seizure; and the right to vote embodied in the Fifteenth, Nineteenth, and Twenty–Sixth Amendments are forfeited upon a felony conviction. Additionally, the First Amendment right to free speech is limited.

¶ 10 In addition to the loss of rights under the United States Constitution, a convicted felon forfeits many rights under the Oklahoma statutes: (1) the right to vote, Okla. Const., art. III, § 1; 26 O.S.2011, § 4–101 (felon ineligible to register for period equal to time prescribed in judgment and sentence); (2) the right to possess a firearm, 21 O.S.2011, § 1283; (3) the right to sit on a jury, 38 O.S.2011, § 28(C)(5); (4) the right to hold a "county, municipal, judicial or school office or any other elective office of any political subdivision of this state for a period of fifteen" years following completion of the sentence, 26 O.S.2011, § 5–105a (A); and (5) the right to continue to hold state or county office or employment position. 51 O.S.2011, § 24.1(A).

¶ 11 This is the perfect example of the swarm of inmate recreational litigation clogging our courts. Inmates who engage in recreational litigation [1] by filing cases which are frivolous or malicious, or which fail to state a claim, may forfeit the right to access to the courthouse. *See* 57 O.S.2011, § 566.2(A). Changing one's name to **Apokalypse God Allah** is frivolous and is for the fraudulent purpose of hiding the petitioner's criminal past from unsuspecting victims. The petitioner has no right to bring this frivolous suit. Therefore, I respectfully dissent.

---

1. This is the seventh proceeding filed by the petitioner in the Court and the Oklahoma Court    of Criminal Appeals.